IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, ) <br> a resident of Indiana, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARLINGER NORTH AMERICA, INC., ) <br> an Illinois Corporation, ) <br> MAPLAN MASCHINEN und TECHNISCHE ) <br> ANLAGEN PLANUNGS und FERTIGUNGS ) <br> Gesellschaft m.b.H, an Austrian company, and ) <br> STARLINGER & COMPANY Gesellschaft ) <br> m.b.H, an Austrian company, ) <br> ) <br> Defendants. ) | **CASE NO: 08 C 642** <br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff, MATTHEW F. ABBOTT ("plaintiff"), for his Complaint against STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (hereinafter collectively "Starlinger"), alleges and states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over the subject matter pursuant to 28 USC §1332:

    a.  At all relevant times, upon information and belief, Starlinger North

        America, Inc. was an Illinois corporation having its principal place of business in the Northern District of Illinois and was the exclusive distributor for Maplan Maschinen und Technische Anlagen Planungs und Fertigungs Gesmbh, an Austrian Company, and Starlinger & Company GesmbH within North America;

    b.    At all relevant times, upon information and belief, Starlinger & Company GesmbH was an Austrian company purposefully availing itself of the privilege of conducting activities within the Northern District of Illinois;

    c.    At all relevant times, upon information and belief, MAPLAN Maschinen und Technische Anlagen Planungs und Fertigungs GesmbH was an Austrian company purposefully availing itself of the privilege of conducting activities within the Northern District of Illinois;

    d.    At all relevant times, plaintiff was a resident and citizen of Indiana; and

    e.    The amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

    f.    This Court has jurisdiction over the Defendants.

    2.    Venue is proper pursuant to 28 USC § 1391 since Starlinger resides within the Northern District of Illinois.

### Count I - Strict Products Liability

Plaintiff, MATTHEW F. ABBOTT ("plaintiff"), for Count I of his Complaint against STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (hereinafter collectively "Starlinger"), alleges and states as follows:

1. At all times relevant herein, Starlinger was in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce products, including without limitation the Maplan MTF 100/15C, Serial No. 204001763, Rubber Injection Moulding Machine ("Maplan Moulding Machine").

2. Before July 21, 2006, but after July 21, 1996, Starlinger manufactured, sold, distributed, or otherwise placed into the stream of commerce a Maplan Moulding Machine which was ultimately purchased by NISCO for use by its employees, including Matthew.

3. At all times relevant, Starlinger owed Matthew and all other reasonably foreseeable users of the Maplan Moulding Machine a duty to design, manufacture, distribute, sell, install and otherwise place into the stream of commerce a Maplan Moulding Machine which was neither defective nor unreasonably dangerous for all intended and reasonably foreseeable uses as well as the duty to exercise reasonable care in the design, manufacture, distribution, modification, service, sale and installation of said Maplan Moulding Machine.

4. On July 21, 2006, while using said Maplan Moulding Machine engaged in the performance of his job duties at NISCO, Matthew suffered serious and permanent injuries when the Maplan Moulding Machine caught, burned, and traumatically amputated his fingers on his dominant hand.

5. At the time it left the control of Starlinger, the Maplan Moulding Machine was defective and unreasonably dangerous, and it was not fit for its intended purpose and, furthermore, the foregoing entities, acting through authorized agents, servants, and/or employees, breached their respective duties of care and were negligent in the management, repair, service, maintenance, supervision, control, and/or procurement of the Maplan Moulding Machine and/or in selecting a Maplan Moulding Machine or the components thereof so that the could be used safely by reasonably foreseeable users. Starlinger breached one or more of the foregoing duties in one or more of the following ways, *inter alia*:

  a. Starlinger designed the Maplan Moulding Machine in such a manner that an operator's hand could be caught in the machine;

  b. Starlinger manufactured the Maplan Moulding Machine in such a manner that an operator's hand could be caught in the machine;

  c. Starlinger designed the Maplan Moulding Machine without a means to open the machine if an operator's hand became caught in the machine;

  d. Starlinger manufactured the Maplan Moulding Machine without a means to open the machine if an operator's hand became caught in the machine;

  e. Starlinger failed to inspect and/or test the Maplan Moulding Machine prior to placing it into the stream of commerce, when a reasonable inspection and/or test would have revealed unreasonably dangerous and/or defective conditions in the Maplan Moulding Machine;

  f. Starlinger failed to provide complete warnings with the Maplan Moulding Machine regarding the dangers presented by the machine;

g.       Starlinger failed to provide complete instructions with the Maplan Moulding Machine regarding its proper use;

h.       Starlinger failed to exercise reasonable care in the design, manufacture and installation of the Maplan Moulding Machine so as to ensure that it could not be operated or the mold engaged when operators were clearing, repairing, servicing, or otherwise maintaining the machine in a reasonably foreseeable manner;

i.       Starlinger failed to exercise reasonable care in the design, manufacture and installation of the Maplan Moulding Machine so as to ensure that it had safe and adequate guards at its pinch-points and point of operation so as to prevent operators and other users of the machine from foreseeable injury while the machine was being utilized in a reasonably foreseeable manner;

j.       Starlinger failed to warn Matthew and other users of known or expected dangers in the Maplan Moulding Machine which were not apparent to the ordinary user and which posed a danger of serious injury or death to Matthew and others under conditions of foreseeable use;

k.       Starlinger inadequately warned Matthew and other users of known or expected dangers in the Maplan Moulding Machine which were not apparent to the ordinary user and which posed a danger of serious injury or death to Matthew and others under conditions of foreseeable use;

l.       Starlinger failed to comply with applicable ANSI, ISO, ASTM, OSHA, and other safety standards governing design, manufacture, set-up, sale, warnings, installation and/or guarding of the Maplan Moulding Machine;

m.       Starlinger failed to comply with acceptable custom and practice in the industry governing design, manufacture, set-up, sale, warnings, installation and/or guarding of the Maplan Moulding Machine;

n.       Starlinger failed to exercise reasonable care in the design, manufacture, set-up and installation of the Maplan Moulding Machine so as to ensure that it had adequate and proper controls including an emergency stop which could be easily accessed and activated by all foreseeable users

       whether on or around the Maplan Moulding Machine;

o.    Starlinger failed to act as a reasonably prudent designer, manufacturer, seller, distributor, seller, installer, manager, supervisor, repair person, service person, or person procuring the Maplan Moulding Machine would have acted under the same or similar circumstances;

p.    Starlinger failed to recall or retrieve the Maplan Moulding Machine after it had actual knowledge that it was unreasonably dangerous and/or defective; and/or

q.    Starlinger failed to use the same care and caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

6.    As a direct and proximate result of Starlinger's unreasonably dangerous and/or defective Maplan Moulding Machine, Matthew's dominant hand became caught in the machine while operating it at NISCO on July 21, 2006 and his hand was burned and could not be extricated for several minutes until others cut the hydraulic lines of the machine since there was no means to open the machine if an operator's hand became caught.

7.    As a proximate result of the negligence of defendants, Matthew suffered severe personal injuries; incurred ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; may incur such expenses in the future; suffered and may suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, and permanent disability, disfigurement; loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary

nature.

WHEREFORE, plaintiff, MATTHEW F. ABBOTT, respectfully requests the entry of judgment in his favor and against defendant, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**Count II - Negligence**

Plaintiff, MATTHEW F. ABBOTT ("plaintiff"), for Count II of his Complaint against STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (hereinafter collectively "Starlinger"), alleges and states as follows:

1. At all times relevant herein, Starlinger was in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce products, including without limitation the Maplan MTF 100/15C, Serial No. 204001763, Rubber Injection Moulding Machine ("Maplan Moulding Machine").

2. Before July 21, 2006, , but after July 21, 1996, Starlinger manufactured, sold, distributed, or otherwise placed into the stream of commerce a Maplan Moulding Machine which was ultimately purchased by NISCO for use by its employees, including Matthew.

3. On and before July 21, 2006, Starlinger owed Matthew and others a duty to use reasonable care in the design, manufacture, sale, distribution, or other placement into the stream of commerce of the Maplan Moulding Machine.

4. On and before July 21, 2006, Starlinger breached the foregoing duty and was negligent in one or more of the following respects, *inter alia*:

   a. Starlinger designed the Maplan Moulding Machine in such a manner that an operator's hand could be caught in the machine;

   b. Starlinger manufactured the Maplan Moulding Machine in such a manner that an operator's hand could be caught in the machine;

   c. Starlinger designed the Maplan Moulding Machine without a means to open the machine if an operator's hand became caught in the machine;

   d. Starlinger manufactured the Maplan Moulding Machine without a means to open the machine if an operator's hand became caught in the machine;

   e. Starlinger failed to inspect and/or test the Maplan Moulding Machine prior to placing it into the stream of commerce, when a reasonable inspection and/or test would have revealed unreasonably dangerous and/or defective conditions in the Maplan Moulding Machine;

   f. Starlinger failed to provide complete warnings with the Maplan Moulding Machine regarding the dangers presented by the machine;

g. Starlinger failed to provide complete instructions with the Maplan Moulding Machine regarding its proper use;

h. Starlinger failed to exercise reasonable care in the design, manufacture and installation of the Maplan Moulding Machine so as to ensure that it could not be operated or the press engaged when operators were in the machine repairing, servicing, or otherwise maintaining the machine in a reasonably foreseeable manner;

i. Starlinger failed to exercise reasonable care in the design, manufacture and installation of the Maplan Moulding Machine so as to ensure that it had safe and adequate guards at its pinch-points and point of operation so as to prevent operators and other users of the machine from foreseeable injury while the machine was being utilized in a reasonably foreseeable manner;

j. Starlinger failed to warn Matthew and other users of known or expected dangers in the Maplan Moulding Machine which were not apparent to the ordinary user and which posed a danger of serious injury or death to Matthew and others under conditions of foreseeable use;

k. Starlinger inadequately warned Matthew and other users of known or expected dangers in the Maplan Moulding Machine which were not apparent to the ordinary user and which posed a danger of serious injury or death to Matthew and others under conditions of foreseeable use;

l. Starlinger failed to comply with applicable ANSI, OSHA, ISO, ASTM, and other safety standards governing design, manufacture, set-up, sale, warnings, installation and/or guarding of the Maplan Moulding Machine;

m. Starlinger failed to comply with acceptable custom and practice in the industry governing design, manufacture, set-up, sale, warnings, installation and/or guarding of the Maplan Moulding Machine;

n. Starlinger failed to exercise reasonable care in the design, manufacture, set-up and installation of the Maplan Moulding Machine so as to ensure that it had adequate and proper controls including an emergency stop

          which could be easily accessed and activated by all foreseeable users whether on or around the Maplan Moulding Machine;

o.     Starlinger failed to procure/distribute an appropriate Maplan Moulding Machine and/or components parts thereof when it knew, or in the exercise of reasonable care should have known, of the uses to which the Maplan Moulding Machine would be put and the conditions in which it would be used;

p.     Starlinger failed to properly maintain the Maplan Moulding Machine and its component parts when reasonable maintenance would have prevented unreasonably dangerous defects and/or conditions of disrepair;

q.     Starlinger failed to properly inspect the Maplan Moulding Machine and its component parts when a reasonable inspection would have revealed unreasonably dangerous defects and/or conditions of disrepair;

r.     Starlinger failed to properly repair the Maplan Moulding Machine and its component parts when reasonable repairs would have corrected unreasonably dangerous defects and/or conditions of disrepair;

s.     Starlinger failed to adequately instruct and train users of the Maplan Moulding Machine and its components prior to and after providing it for their use;

t.     Starlinger failed to act as a reasonably prudent designer, manufacturer, seller, supplier, distributor, seller, installer, repairer, servicer, or procurer of the Maplan Moulding Machine would have acted under the same or similar circumstances;

u.     Starlinger failed to recall or retrieve the Maplan Moulding Machine after it had actual knowledge that it was unreasonably dangerous and/or defective; and/or

v.     Starlinger failed to use the same care and caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

5. As a result of the negligence of Starlinger, Matthew's hand became caught in the Maplan Moulding Machine while operating it at NISCO on July 21, 2006 and his hand was burned and could not be extricated for several minutes until others cut the hydraulic lines of the machine since there was no means to open the machine if an operator's hand became caught.

6. As a proximate result of the negligence of defendants, Matthew suffered severe personal injuries; incurred ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; may incur such expenses in the future; suffered and may suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, and permanent disability, disfigurement; loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, plaintiff, MATTHEW F. ABBOTT, respectfully requests the entry of judgment in his favor and against defendants, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## Count III - *Res Ipsa Loquitur*

Plaintiff, MATTHEW F. ABBOTT ("plaintiff"), for Count III of his Complaint against STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (hereinafter collectively "Starlinger"), alleges and states as follows:

1. At all times relevant herein, Starlinger was in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce products, including without limitation the Maplan MTF 100/15C, Serial No. 204001763, Rubber Injection Moulding Machine ("Maplan Moulding Machine").

2. Before July 21, 2006, Starlinger manufactured, sold, distributed, or otherwise placed into the stream of commerce a Maplan Moulding Machine which was ultimately purchased by NISCO for use by its employees, including Matthew, in South Bend, Indiana.

3. On and before July 21, 2006, Starlinger owed Matthew and others a duty to use reasonable care in the design, manufacture, sale, distribution, or other placement into the stream of commerce of the Maplan Moulding Machine.

4. The Maplan Moulding Machine was designed, manufactured, sold, distributed or otherwise placed into the stream of commerce under the exclusive control

of Starlinger.

5.     Matthew's hand became caught in the Maplan Moulding Machine while operating it at NISCO on July 21, 2006 and his hand could not be extricated for several minutes until others cut the hydraulic lines of the machine since there was no means to open the machine if an operator's hand became caught.

6.     The occurrence involving Matthew is an event which would not have occurred absent negligence on the part of Starlinger in the design, manufacture, sale, distribution, or other placement into the stream of commerce of the Maplan Moulding Machine and demonstrates negligence on the part of Starlinger.

7.     As a proximate result of the negligence of defendants, Matthew suffered severe personal injuries; incurred ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; may incur such expenses in the future; suffered and may suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, and permanent disability, disfigurement; loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, plaintiff, MATTHEW F. ABBOTT, respectfully requests the entry of judgment in his favor and against defendants, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und

TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count IV - *Breach of Warranty*

Plaintiff, MATTHEW F. ABBOTT ("plaintiff"), for Count IV of his Complaint against STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (hereinafter collectively "Starlinger"), alleges and states as follows:

1. At all times relevant herein, Starlinger was in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce products, including without limitation the Maplan MTF 100/15C, Serial No. 204001763, Maplan Moulding Machine ("Maplan Moulding Machine").

2. Before July 21, 2006, Starlinger manufactured, sold, distributed, or otherwise placed into the stream of commerce a Maplan Moulding Machine which was ultimately purchased by NISCO for use by its employees, including Matthew, in South Bend, Indiana.

3. At all times relevant herein, Starlinger was in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce products, including without limitation the Maplan MTF 100/15C, Serial No. 204001763, Rubber Injection Moulding Machine ("Maplan Moulding Machine").

4. On or about and during and between July 21, 1996 and July 21, 2006 the defendants, Starlinger, manufactured, advertised and distributed to the public, a Maplan Moulding Machine, and during this period NISCO purchased and used the Maplan Moulding Machine.

5. Starlinger knew that members of the public were purchasing the Maplan Moulding Machine for injection moulding purposes and knew that the purchasers would rely upon defendants' implied warranty that the Maplan Moulding Machine, was safe for its intended purpose.

6. Starlinger owed a duty to to use reasonable care in the design, manufacture, sale, distribution, or other placement into the stream of commerce of the Maplan Moulding Machine and to ensure that it was safe for its intended purpose.

7. Matthew, and his employer, relied upon Starlinger's skill and judgment and implied warranty of fitness for its intended purpose as an injection moulding machine, the purpose for which the Maplan Moulding Machine was sold and distributed by defendants to the public and to Matthew and his employer. Starlinger

did not furnish proper directions or warnings about the dangerous consequences of the use of the Maplan Moulding Machine.

8. On or about July 21, 2006, Matthew sustained permanent and disfiguring injuries by use of the Maplan Moulding Machine. The disfigurement and disability caused by the Maplan Moulding Machine has continued to the present time.

9. Starlinger breached their warranty of fitness for a particular purpose upon Matthew becoming permanently injured and disfigured by use of the Maplan Moulding Machine.

10. Immediately upon his injury defendants were given reasonable notice of the product's harmful effects and of defendant's breach of warranty.

11. The Maplan Moulding Machine was unsafe and was not reasonably fit for its intended use. Proximately caused by using the machine for its reasonably foreseeable and intended purpose, Matthew suffered severe personal injuries; incurred ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical, and other medical expenses; may incur such expenses in the future; suffered and may suffer physical pain, mental suffering, terror, fright, loss of time, impairment of earnings capacity, and permanent disability, disfigurement; loss of enjoyment of life; and incurred other injuries and damages of a personal and pecuniary nature.

12.	As a direct result of defendant's breach of the implied warranty of fitness for a particular purpose and warranty of merhantability, plaintiff has been damaged in the sum of not less than twenty-five million dollars.

WHEREFORE, plaintiff, MATTHEW F. ABBOTT, respectfully requests the entry of judgment in his favor and against defendants, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH, and MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**KENNETH J. ALLEN & ASSOCIATES, P.C.**
Attorneys for Plaintiff


s/ Bryan L. Bradley
_____
Bryan L. Bradley

## JURY DEMAND

Plaintiff demands trial by jury on all Counts of his Complaint.

                                **KENNETH J. ALLEN & ASSOCIATES, P.C.**
                                Attorneys for Plaintiff

                                s/ Bryan L. Bradley
                                _____
                                Bryan L. Bradley



| | | | |
|---|---|---|---|
| ☒ ALLEN LAW BUILDING<br>1109 Glendale Boulevard<br>Valparaiso, IN 46383<br>219.465.6292 | ☐ CHASE BANK CENTER<br>8585 Broadway, 8th Floor<br>Merrillville, IN 46410<br>219.736.6292 | ☐ CHARTER ONE BANK<br>17450 South Halsted St.<br>Homewood, IL 60430<br>708.799.6292 | ☐ SMURFIT-STONE BUILDING<br>150 North Michigan Ave.<br>Chicago, IL 60606<br>312.236.6292 |