Westlaw.

Not Reported in F.Supp.2d                                                                                                        Page 1
Not Reported in F.Supp.2d, 2003 WL 21659368 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

In re Ski Train Fire in Kaprun, Austria on November 11, 2000
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
In re SKI TRAIN FIRE IN KAPRUN, AUSTRIA ON NOVEMBER 11, 2000
**No. MDL 1428 SAS.**

July 15, 2003.

**Background:** Wrongful death actions were brought against Austrian corporations, arising out of deaths of passengers killed in Austrian ski train accident. Corporations moved to dismiss for improper service.

**Holdings:** The District Court, Scheindlin, J., held that:
(1) there was adequate proof of service by mail, and
(2) case would not be dismissed, even though service did not satisfy requirements of Austrian law.

Motions denied.

See, also, 2003 WL 21243021.

West Headnotes

**[1] Federal Civil Procedure 170A ⚖493**

170A Federal Civil Procedure
　　170AIII Process
　　　　170AIII(B) Service
　　　　　　170AIII(B)4 Foreign Corporations, Partnerships and Associations
　　　　　　　　170Ak493 k. Service Outside District of Suit. Most Cited Cases

**Federal Civil Procedure 170A ⚖533**

170A Federal Civil Procedure
　　170AIII Process
　　　　170AIII(C) Defects and Objections
　　　　　　170Ak532 Effect of Defects
　　　　　　　　170Ak533 k. Cure by Subsequent Proceedings. Most Cited Cases

There was adequate proof of service of process on Austrian corporation, sued for wrongful deaths of passengers killed in Austrian ski train accident; attorney for claimants submitted sworn affidavit that he mailed copy of summons and complaint to corporation in Austria, and while corporation denied receipt, it was not prejudiced by any nondelivery, as it knew about and participated in litigation. Fed.Rules Civ.Proc.Rule 4(1), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⚖533**

170A Federal Civil Procedure
　　170AIII Process
　　　　170AIII(C) Defects and Objections
　　　　　　170Ak532 Effect of Defects
　　　　　　　　170Ak533 k. Cure by Subsequent Proceedings. Most Cited Cases

**Federal Civil Procedure 170A ⚖1751**

170A Federal Civil Procedure
　　170AXI Dismissal
　　　　170AXI(B) Involuntary Dismissal
　　　　　　170AXI(B)2 Grounds in General
　　　　　　　　170Ak1751 k. Process, Defects In. Most Cited Cases

Wrongful death actions against Austrian corporations, arising out of deaths occurring during ski train fire in Austria, would not be dismissed, even though copies of summons and complaint were mailed to corporations after efforts to serve them through letters rogatory, method specified under Austrian law, were unsuccessful, and required German translation was not certified; corporations did not allege that service was not effectuated, that they lacked actual notice, or that translations were inaccurate, and acceptance of German translations was presumed when corporations did not refuse service within three days. Fed.Rules Civ.Proc.Rule 4(f)(C)(ii), (3), 28 U.S.C.A.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Edward D. Fagan, Fagan & Associates, Livingston, NJ, Robert A. Swift, Hilary Cohen, Kohn, Swift & Graf, PC, Philadelphia, PA, Jay J. Rice, Randee Matloff, Nagel, Rice, Dreifuss & Mazie, LLP, Livingston, NJ, for Plaintiffs.

Frederick W. Reif, Debra Tama, Riker Danzig Scherer Hyland Perretti LLP, New York, NY, for Defendants.

*OPINION AND ORDER*

SCHEINDLIN, J.

**\*1** This Document Relates To: Defendants Waagner-Biro Binder AG, Waagner-Biro Binder Beteilingungs AG, WB Holding AG, Binder + Co AG

The parents and grandparents of six Americans who died in a ski train fire on November 11, 2000, in Kaprun, Austria, brought several individual actions against numerous defendants. The Judicial Panel on Multidistrict Litigation ("MDL Panel") consolidated these suits for pretrial purposes before this Court. On November 1, 2002, the Waagner defendants moved to dismiss on various grounds, including: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) lack of standing; (4) failure to state a cause of action; and (5) forum non conveniens.[FN1] This motion was denied on all grounds except lack of personal jurisdiction, which resulted in the transfer of the case to Colorado.[FN2] The Waagner defendants now move to dismiss for improper service of process pursuant to Fed.R.Civ.P. 4(f) and 4(1). For the reasons set forth below, this motion is denied.

> FN1. The Waagner defendants include: Waagner-Biro Binder AG in Abwicklung (as successor in interest to Waagner-Biro Binder Aktiengesellschaft and Waagner-Biro AG) (collectively, "WBB"), Waagner-Biro Binder Beterilingungs AG ("WBBB"), WB Holding AG ("WBH") and Binder + Co AG ("Binder") (collectively, "the Waagner defendants").

> FN2. The MDL panel is currently processing the transfer back to this court.

I. PROCEDURAL BACKGROUND

In January 2001, WBB was named as a defendant in three lawsuits brought in the Southern District of New York regarding the November 11, 2000 ski train accident in Kaprun, Austria.[FN3] *See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000 (Waagner),* 257 F.Supp.2d 717, 722 (S.D.N.Y.2003)(*"Kaprun Waagner"* ). WBB moved to dismiss these New York Actions based on improper service, forum non conveniens, and lack of personal jurisdiction. Shortly thereafter, plaintiffs voluntarily discontinued the New York Actions against WBB without prejudice. *See id.*

> FN3. These lawsuits were captioned as follows: *Habblett et al. v. Leitner Lifts USA, Inc.,* 01 Civ. 266 (S.D.N.Y.); *Baker et al. v. Leitner Lifts USA, Inc.,* 01 Civ. 817 (S.D.N.Y.); *Kern et al. v. Leitner Lifts USA, Inc.,* 01 Civ. 264 (S.D.N.Y.) (collectively, "New York Actions").

On June 27, 2001, plaintiffs filed a new complaint against WBB captioned *Habblett et al. v. Waagner-Biro AG et al.,* No. 01 Civ. 5815, in the United States District Court for the Central District of California (the "California Action").*See Kaprun Waagner,* 257 F.Supp.2d at 722.

On July 6, 2001, plaintiffs filed a motion with the MDL Panel seeking transfer of the California Action to this Court. On November 19, 2001, the action was transferred and on or about December 21, 2001, plaintiffs filed a Consolidated and Amended Complaint against WBB and other defendants. *See id.*

Plaintiffs attempted to serve WBB pursuant to letters rogatory but were unsuccessful. This Court then authorized service on WBB and other Austrian entities by ordinary mail pursuant to Fed.R.Civ.P. 4(f). On August 30, 2001, plaintiffs mailed to defendants a copy of a Summons issued by the United

Not Reported in F.Supp.2d  Case 1:08-cv-00642   Document 14-5   Filed 04/03/2008   Page 3 of 5   Page 3
Not Reported in F.Supp.2d, 2003 WL 21659368 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

States District Court for the Southern District of New York. *See id.*

With this Court's permission, plaintiffs further amended the Amended Complaint to name three additional Waagner entities as defendants. Plaintiffs allegedly mailed a copy of the Second Amended Complaint and an Amended Summons to all of those entities. Although named in the Waagner Complaint, Binder alleges that it never received a copy of the second Amended Complaint or Amended Summons. *See id.*

**\*2** On the same day this Court issued its April 21, 2003 opinion denying Waagner's first motion to dismiss, it received a letter from the Waagner defendants seeking permission to amend the motion to include improper service. *See* 4/21/03 Letter to the Court from Federick Reif, Counsel for the Waagner Defendants ("4/21/03 Reif Ltr."). The Waagner defendants were told that they must raise the issue in a new motion. On May 5, 2003, the Waagner defendants moved for reconsideration of this Court's April 21, 2003 opinion and to dismiss the case for insufficiency of service.

A conference was held on May 12, 2003. The Court denied the motion for reconsideration, and heard oral argument on the service of process issue. *See* Order of 5/12/03. Plaintiffs were ordered to immediately produce proof of service with respect to Binder. *See* 5/12/03 Transcript ("Tr."), Ex. 2 to 5/23/03 Letter to the Court from Federick Reif ("5/23/03 Reif Ltr."), at 5.

## II. SERVICE OF PROCESS

A. Fed.R.Civ.P. 4(1)

[1] The Waagner defendants contend that Binder was never served with the Waagner Complaint. *See* 5/23/03 Reif Ltr. at 3; 10/26/02 Declaration of Mag. Joerg Rosegger, Head of Sales and Marketing, Ex. J to 11/1/02 Declaration of Freidrick Reif ("Reif Dec."), ¶ 21; 10/21/02 Declaration of Dr. Christoph Nemeth, Director of the Legal Department of WBB, Ex. G to Reif Dec., ¶ 26; 10/28/02 Declaration of Martin Mayerhofer, Corporate Controller of WBH, Ex. H to Reif Dec ., ¶ 24. Service on a foreign party by any form of mail, requires a signed receipt, or any other proof satisfactory to the court. *See* Fed.R.Civ.P. 4(1).Rule 4(1) of the Federal Rules of Civil Procedure provides:

If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal, the person shall make affidavit thereof.... Failure to make proof of service does not affect the validity of the service....

*Id.*

On May 12, 2003, plaintiffs were ordered to submit proof of service on Binder. On June 19, 2003, Edward D. Fagan, plaintiffs' counsel, filed an Affidavit of Service swearing under penalty of perjury that Binder was served on October 2, 2002. *See* 6/19/03 Attorney's Affidavit of Service ("I hereby certify that on October 2, 2002, I personally caused a copy of the Amended Summons and Plaintiffs' First Amended Complaint as against Binder & Co. AG by mailing same in accordance with the prior Orders and directives of the Court ...").

Fagan's sworn affidavit is sufficient evidence that service on Binder was effected on October 2, 2002. Because Rule 4 specifically states that proof of service should not affect the validity of service and that proof of service may be accomplished by any manner the court finds satisfactory, there is no reason to reject Fagan's affidavit as proof of service or to presume that he is lying under oath.

Moreover, Binder was not prejudiced by any alleged defects in process. Binder clearly had notice of the action against it because Binder was a party to the November 2002 motion to dismiss, participated in pre-trial conferences, and conducted limited discovery. *See Federal Home Loan Mortg. Corp. v. Dutch Lane Ass'n,* 775 F.Supp. 133, 137 (S.D.N.Y.1991) (holding that defendants were not prejudiced by insufficiency of service because they

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

had actual notice and participated in pre-trial motions).

B. Fed.R.Civ.P. 4(f)

**\*3** [2] The Waagner defendants additionally argue that the action should be dismissed with respect to the remaining three Waagner defendants because service of process violated Austrian Law and Rule 4 of the Federal Rules of Civil Procedure in two respects: 1) the Waagner defendants were served directly on Austrian territory by mail; and 2) the Complaint was not accompanied by a certified German translation. *See* 5/23/03 Reif Ltr. at 2.

Rules 4(f) and (h) provide that, in the absence of an internationally agreed method of service, such as the Hague Convention,[FN4] the following methods of service may be effected upon individuals or entities in a foreign country, provided that service is reasonably calculated to give notice:

> FN4. Austria is not a party to the Hague Convention on the Service of Documents of 1965. *In re Ski Train Fire in Kaprun, Austria on November 11, 2000(AHP),* MDL No. 1428(SAS) No. 01 Civ. 7342, 2003 WL 1807148, at \*7 (S.D.N.Y. Apr.4, 2003).

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
(C) *unless prohibited by the law of the foreign country,* by
(i) delivery to the individual personally of a copy of the summons and the complaint; or
(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
(3) by other means *not prohibited* by international agreement as may be directed by the court.

Fed.R.Civ.P. 4(f) (emphasis added).

In Austria, like many other European civil law countries, the direct service of foreign legal documents by foreign authorities or by private individuals without the assistance or consent of Austrian authorities is regarded as an infringement of Austria's sovereignty. *AHP,* 2003 WL 1807148, at \*7 (citing 1/7/03 Note Verbale to the United States Embassy of America ("Note Verbale") at 1).Service of foreign legal documents must be "effected by letters rogatory through diplomatic channels, and in the manner prescribed by Austrian law for the service of such documents."Note Verbale at 1.

Under Austrian federal law, "service of a foreign document in a foreign language, ... to which no certified German translation is attached,[FN5] shall only be permissible provided the recipient is willing to accept it."*AHP,* 2003 WL 1807148, at \*7 (quoting Note Verbale at 2). Acceptance is presumed unless within three days of the time of service the recipient instructs the Austrian authority that served the document to refuse acceptance. *Seeid.*(citing Note Verbale at 2).

> FN5. The translation of a legal document in judicial proceedings must be certified by a sworn court interpreter/translator. *SeeAHP,* 2003 WL 1807148, at \*7 (citing Note Verbale at 2). The certified translation must include a certification clause together with a round seal affixed, which only certified court interpreters may use. *Seeid.*

Although service of the Waagner defendants was initially attempted by letters rogatory, it was ultimately achieved by direct mail, pursuant to court order. While Rule 4(f)(3) provides for substitute service "as may be directed by the court," any such service must comport with the laws of the foreign country. *See*Fed.R.Civ.P. 4(f) Advisory Committee Note ("Service by methods that would violate foreign law is not generally authorized ... Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

due process and *minimizes offense to foreign law.*") (emphasis added); *International Controls Corp. v. Vesco,* 593 F.2d 166, 179-80 (2d Cir.1979) (suggesting that substitute service should not "abrogate the methods of service prescribed by Fed.R.Civ.P. 4"); *East Cont'l Gems, Inc. v. Yakutiel,* 153 Misc.2d 883, 582 N.Y.S.2d 594, 595-96 (Sup.Ct. N.Y. Co .), *aff'd,* 591 N.Y.S.2d 778 (1st Dep't 1992) (finding service by registered mail upon Swiss corporation invalid although it complied with New York law because "under the doctrine of comity of nations, such service to be valid must not violate the sovereignty of a foreign country"). Because service by direct mail is prohibited by Austrian law, service was improper here under Rules 4(f)(C)(ii) and 4(f)(3), as well as Austrian law.

***4** Although service of process was invalid, the case should not be dismissed for the same reasons set forth in *AHP, see* 2003 WL 1807148 at *7. *First,* the Waagner defendants have not alleged that service was not effectuated, that they lacked actual notice, or that the translations were inaccurate.[FN6] *Second,* acceptance of the uncertified German translation is presumed since defendants did not refuse service of the documents within three days. *SeeAHP,* 2003 WL 1807148, at *7 (quoting Note Verbale at 2).*Finally,* plaintiffs should not be penalized for complying with this Court's order.[FN7]

> FN6. The Waagner defendants concede that the factual predicate for their motion is the same as presented in *AHP.See* 5/23/03 Reif Ltr. at 3.

> FN7. Although the Waagner defendants did not raise the issue of insufficiency of service in their November 1, 2002 motion to dismiss, the defense is not waived pursuant to Rule 12(h)(1).*See* Fed.R.Civ.P. 12(h)(1) ("A defense of lack of jurisdiction over the person, improper venue, or insufficiency of service of process is waived [ ] ... if omitted from a motion [made under Rule 12(g) ]...."). *First,* the Waagner defendants formally raised the issue of insufficiency of service when plaintiffs initially filed this action in New York. *SeeKaprun Waagner,* 257 F.Supp.2d at 722 (stating that WBB moved to dismiss the New York Action based on improper service).*Second,* they raised the issue informally in their November 1, 2002 motion to dismiss. *See* 11/1/02 Memorandum of Law of Waagner Defendants in Support of Motion to Dismiss at 2 (stating in the procedural history that WBB was not properly served pursuant to letters rogatory).*Third,* the Waagner defendants justifiably relied on this Court's previous bench rulings regarding the sufficiency of service by direct mail and therefore thought it imprudent to raise the issue again. *SeeKaprun Waagner,* 257 F.Supp.2d at 722. However, in light of this Court's finding in *AHP* that service violated Austrian law, the Waagner defendants now believe it is appropriate to raise the issue again and, if nothing else, create a record for appeal.

### III. CONCLUSION

For the foregoing reasons the Waagner defendants' motion to dismiss for improper service is denied.

S.D.N.Y.,2003.
In re Ski Train Fire in Kaprun, Austria on November 11, 2000
Not Reported in F.Supp.2d, 2003 WL 21659368 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.