IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, a resident of Indiana, <br><br>　　　　Plaintiff, <br><br>　　　　v. <br><br>STARLINGER NORTH AMERICA, INC., an Illinois Corporation, MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS Gesellschaft m.b.H, an Austrian company, and STARLINGER & COMPANY Gesellschaft m.b.H, an Austrian company, <br><br>　　　　Defendants. | ) ) ) ) ) ) )　CASE NO: 08 C 642 ) ) ) ) ) ) ) ) ) ) |

## DECLARATION OF GARY A. CROWE

I declare that I, Gary A. Crowe, am president of Alan H. Crowe & Associates, Inc., over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I have specialized in the service of civil process in foreign countries for more than 12 years; and

2. Austria is NOT a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965 (Hague Service Convention) and it can therefore NOT be used for the service of civil process; and

3. Austrian counsel indicates that in accordance with Austria rules of procedure service must be executed by the Austrian court in accordance with Austrian law in response to a letter rogatory request; and

4. Austrian court requires that all documents be accompanied by Austrian court certified translation.

5. Service via a letter rogatory request is ultimately executed by the Austrian courts; and

6. The United States Department of State informs that "The power of US courts to issue letters rogatory derives from 28 U.S.C. 1781 and from the court's "inherent" authority. See De Villeneuve v. Morning Journal Ass'n., 206 F. 70 (S.D.N.Y. 1913), Zassenhaus v. Evening Star Newspaper Co., 404 F. 2d 1361 (D.C. Cir. 1968). See also 28 U.S.C. 1651 ("All Writs Act"). But see, DBMS Consultants, Ltd. v. Computer Assocs. Int'l, Inc., 131 F.R.D. 367, 369 (D. Mass. 1990); United States v. Reagan, 453 F.2d 165, 171-173 (6th Cir. 1971), cert. denied, 406 U.S. 946 (1972); United States v. Strong, 608 F. Supp. 188, 192-194 (E.D. Pa. 1985); United States v. Staples, 256 F.2d 290 (9th Cir. 1958); B & L Drilling Electric v. Totco, 87 F.R.D. 543, 545 (W.D. Okla. 1978)"; and

7. A letter rogatory request must be signed and sealed by a judge in the originating U.S. court.

_____
Gary A. Crowe