IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT,<br><br>    Plaintiff,<br><br> -vs-<br><br>STARLINGER NORTH AMERICA, INC.,<br>an Illinois Corporation,<br>MAPLAN MASCHINEN und TECHNISCHE<br>ANLAGEN PLANUNGS und FERTIGUNGS<br>Gesellschaft m.b.H, an Austrian company, and<br>STARLINGER & COMPANY Gesellschaft<br>m.b.H, an Austrian company,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) NO: 08 C 642<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STARLINGER NORTH AMERICA INC.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

NOW COMES the Defendant, STARLINGER NORTH AMERICA INC., ("Starlinger N.A.") an Illinois Corporation, by and through its attorneys, PEREGRINE, STIME, NEWMAN, RITZMAN & BRUCKNER, LTD., and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this Honorable Court to Dismiss Count I of Plaintiff's Amended Complaint at Law directed against it, and pursuant to Federal Rule of Civil Procedure 12(e) moves for a More Definite Statement in Counts I-IV, and in support thereof states as follows:

1. Plaintiff has filed an Amended Complaint directed, in part, against Starlinger N.A., as the alleged manufacturer and distributor of the Maplan MTF 100/15C, Serial No. 20401763 Rubber Injection Moulding Machine ("Maplan Moulding Machine"). The Amended Complaint alleges Strict Products Liability in Count I, Negligence in Count II, *Res Ipsa Loquitur* in Count III, and Breach of Warranty in Count IV.

2. Starlinger N.A. has stated in its affidavit that MAPLAN MASCHINEN und TECHNISCHE, ("Maplan") is the manufacturer of the Maplan Moulding Machine, and that Starlinger N.A. did not exercise

any control over the design or manufacture of the machine. Further, Starlinger N.A. did not provide any instructions or warnings to Maplan and had no actual knowledge of the alleged defect. See affidavit attached as Exhibit "A".

3. While 735 ILCS 5/2-621 is procedural in nature, it has consistently been applied to litigation in federal courts because its application would be outcome-determinative. *Ungaro v. Rosalco, Inc.* 948 F. Supp. 783, 785 (N.D. Ill. 1996).

4. Pursuant to 735 ILCS 5/2-621, a strict liability claim against a non-manufacturing defendant in a product liability case, such as a distributor, should be dismissed if the defendant did not create, contribute to, or know of the product's alleged defect and the manufacturer of the allegedly defective product is correctly identified before the court. *Logan v. West Coast Cycle,* 197 Ill. App. 3d 185, 553 N.E.2d 1139, 143 Ill. Dec. 153 (2nd Dist. 1990).

5. Since Starlinger N.A. has provided the correct identity of the manufacturer and since it did not exercise any control over the design or manufacture of the Maplan Moulding Machine, Count I should be dismissed against Starlinger N.A. pursuant to 735 ILCS 5/2-621.

6. There are three separate defendants named in this lawsuit, Starlinger North America Inc., (an Illinois Corporation), Maplan, (an Austrian Company) and STARLINGER & COMPANY,(an Austrian Company), however the plaintiff refers to all three defendants collectively as Starlinger in each of the four counts of the Amended Complaint.

7. Plaintiff's failure to plead separate causes of action, in Counts I-IV, against each defendant is in violation of Federal Rule of Civil Procedure 8(e) and Federal Rule of Civil Procedure 10(b).

8. Therefore, Plaintiff should file a more definitive pleading within 10 days alleging separate counts against all defendants, pursuant to Federal Rule of Civil Procedure 12(e).

9. Starlinger N.A. is filing herewith a memorandum of law in support of its Motion to Dismiss.

WHEREFORE, STARLINGER, N.A. respectfully requests this Court to:

1) Enter an Order dismissing Count I of Plaintiff's Amended Complaint at Law directed against it pursuant to 735 ILCS 5/2-621;

2) Enter an Order requiring Plaintiff to file a more definitive pleading within 10 days alleging separate counts against all defendants ;

3) If Plaintiff fails to file a more definite pleading within 10 days, enter an Order striking Counts I-IV;

3) Enter an Order for such other and further relief that this Court deems just and proper.

Respectfully submitted,

_____
David W. Clark

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2008, I electronically filed Defendant Starlinger N.A.'s Motion to Dismiss Count I of Plaintiff's Amended Complaint with the clerk of court using the CM/ECF system which will send notification of such filing to the following.