IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, <br><br> Plaintiff, <br><br> -vs- <br><br> STARLINGER NORTH AMERICA, INC., an Illinois Corporation, <br> MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS Gesellschaft m.b.H, an Austrian company, and STARLINGER & COMPANY Gesellschaft m.b.H, an Austrian company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) NO: 08 C 642 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STARLINGER NORTH AMERICA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**

NOW COMES the Defendant, STARLINGER NORTH AMERICA INC., ("Starlinger N.A.") an Illinois Corporation, by and through its attorneys, PEREGRINE, STIME, NEWMAN, RITZMAN & BRUCKNER, LTD., and pursuant to Local Rule 7.1 hereby submits this memorandum of law in support of its Fed. R. Civ. P. 12(b) (6) Motion to Dismiss Count I of Plaintiff's Amended Complaint at Law directed against it, and its Fed. R. Civ. P. 12(e) Motion for a More Definite Statement in Counts I-IV.

**INTRODUCTION**

Plaintiff has filed an Amended Complaint directed, in part, against Starlinger, as the alleged manufacturer and distributor of the Maplan MTF 100/15C, Serial No. 204001763 Rubber Injection Moulding Machine ("Maplan Moulding Machine"). The Amended Complaint alleges Strict Products Liability in Count I, Negligence in Count II, *Res Ipsa Loquitur* in Count III, and Breach of Warranty in Count IV. There are three separate defendants named in this lawsuit, STARLINGER NORTH AMERICA INC., MAPLAN MASCHINEN und TECHNISCHEANLAGEN PLANUNGS und FERTIGUNGSGesellschaft m.b.H ("Maplan"), and STARLINGER & COMPANY, however the plaintiff refers to all three defendants

collectively as Starlinger in each of the four counts of the Amended Complaint. (See p. 2 of Amended Complaint).

This Motion to Dismiss Count I is brought on behalf of Starlinger N.A., the distributor of the Maplan Moulding Machine. Pursuant to 735 ILCS 5/2-621, Plaintiff cannot maintain a strict liability claim against Starlinger N.A., since Starlinger N.A. did not exercise any control over the design or manufacture of the machine.

The Motion for a more definite statement is brought pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff's failure to plead separate causes of action, in Counts I-IV, against each defendant is in violation of Federal Rule of Civil Procedure 8(e) and Federal Rule of Civil Procedure 10(b). Plaintiff's failure to differentiate which alleged act or omission were caused by each defendant makes it impossible for Starlinger N.A. to frame a responsive pleading.

As demonstrated more fully below, Count I of Plaintiffs Amended Complaint fails to state a claim upon which relief can be granted against Starlinger N.A. and therefore Count I of the Amended Complaint should be dismissed against Starlinger N.A. pursuant to Federal Rule of Civil Procedure 12(b)(6). Furthermore, this Court should order Plaintiff to file a more definitive statement pursuant to Fed .R. Civ. P. 12(e), pleading separate causes of action against each defendant.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must allege facts bearing on all material elements necessary to sustain recovery under some viable legal theory." *Looper Maint. Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 911, ( 9th Cir. 1999). A complaint should be dismissed if it fails to allege an essential element of plaintiff's claim and the plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery. *Stevens v. Umsted*, 131 F. 3d 697, 700 (7th Cir. 1997).

Furthermore, "a complaint which consists of conclusory allegations unsupported by factual assertions

fails even the liberal standard of Rule 12(b)(6)". *Panaras v. Liquid Carbonic Indust.Inc.*, 74 F.3d 786, 792 (7th Cir. 1996). A plaintiff may not avoid dismissal by alleging bare legal conclusions to facts which fail to outline the bases of their claim. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## ARGUMENT

### I. Count I of Plaintiff's Amended Complaint Should be Dismissed against Starlinger N.A. Pursuant to 735 ILCS 5/2-621

The Illinois "Distributor Statute", 735 ILCS 5/2-621, provides a way in which a distributor of an allegedly defective product may be dismissed from a product liability action at an early stage in the proceedings. *Ungaro v. Roasalco, Inc.*, 948 F. Supp. 783, 785 (N.D.Ill. 1996). Although 735 ILCS 5/2-621 is procedural in nature, it has consistently been applied to litigation in federal courts because its application is outcome-determinative. *Farris v. Stazinger G.M.B.H. & Co.*, 681 F. Supp. 485 (N.D. Ill. 1987).

Section 5/2-621 provides in relevant part as follows:

> (a) In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing the injury, death or damage.
> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have answered or otherwise pleaded, the court shall order the dismissal of strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers.

"On its face, Section 5/2-621 does not require anything more than certification of the correct identity of the manufacturer of the allegedly defective product. To preclude dismissal of the certifying defendant, it is the plaintiff who must show the certifying defendant exercised some significant control over the design or manufacture of the product, or had actual knowledge of, or created the defect." *Logan v. West Coast Cycle*, 197 Ill. App. 3d 185, 553 N.E.2d 1139, 143 Ill. Dec. 153 (2nd Dist. 1990). Illinois courts have allowed

fails even the liberal standard of Rule 12(b)(6)". *Panaras v. Liquid Carbonic Indust.Inc.*, 74 F.3d 786, 792 (7th Cir. 1996). A plaintiff may not avoid dismissal by alleging bare legal conclusions to facts which fail to outline the bases of their claim. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## ARGUMENT

### I. Count I of Plaintiff's Amended Complaint Should be Dismissed against Starlinger N.A. Pursuant to 735 ILCS 5/2-621

The Illinois "Distributor Statute", 735 ILCS 5/2-621, provides a way in which a distributor of an allegedly defective product may be dismissed from a product liability action at an early stage in the proceedings. *Ungaro v. Roasalco, Inc.*, 948 F. Supp. 783, 785 (N.D.Ill. 1996). Although 735 ILCS 5/2-621 is procedural in nature, it has consistently been applied to litigation in federal courts because its application is outcome-determinative. *Farris v. Stazinger G.M.B.H. & Co.*, 681 F. Supp. 485 (N.D. Ill. 1987).

Section 5/2-621 provides in relevant part as follows:

> (a) In any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing the injury, death or damage.
> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have answered or otherwise pleaded, the court shall order the dismissal of strict liability in tort claim against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section. Due diligence shall be exercised by the certifying defendant or defendants in providing the plaintiff with the correct identity of the manufacturer or manufacturers, and due diligence shall be exercised by the plaintiff in filing an action and obtaining jurisdiction over the manufacturer or manufacturers.

"On its face, Section 5/2-621 does not require anything more than certification of the correct identity of the manufacturer of the allegedly defective product. To preclude dismissal of the certifying defendant, it is the plaintiff who must show the certifying defendant exercised some significant control over the design or manufacture of the product, or had actual knowledge of, or created the defect." *Logan v. West Coast Cycle*, 197 Ill. App. 3d 185, 553 N.E.2d 1139, 143 Ill. Dec. 153 (2nd Dist. 1990). Illinois courts have allowed

dismissal of the nonmanufacturing defendant, event though dismissal was prior to plaintiff's service of process on the manufacturer, if the plaintiff is aware of the manufacturer's identity and has refrained from serving the manufacturer. *Cherry v. Siemans Medical Systems, Inc.*, 206 Ill. App. 3d 1055, 565 N.E. 2d 215, 151 Ill. Dec. 944 (1st Dist. 1990).

In the instant case, Pat Hook, the President of Starlinger N.A. has filed an affidavit certifying that Maplan is the correct identity of the manufacturer of the Maplan Moulding Machine, the machine that allegedly caused the plaintiff's injuries. Further, Pat Hook has attested that Starlinger N.A. did not exercise any control over the design or manufacture of the machine or provide any instructions or warnings to Maplan. In addition, Starlinger N.A. had no actual knowledge of any alleged defect with the Maplan Moulding Machine and did not create any defect on the machine. (See Affidavit of Pat Hook, attached as Exhibit "A" to Motion to Dismiss).

In Count I of the Amended Complaint, the Plaintiff makes the same allegations against all three defendants, referring to the defendants collectively as "Starlinger". Plaintiff fails to differentiate which of the defendants is the manufacturer or distributor, alleging that all three defendants manufactured, sold, distributed, or otherwise placed the Maplan Moulding Machine into the stream of commerce. Starlinger N.A. has clearly attested to the fact that it is only the distributor of the machine that allegedly caused the injury. Furthermore, pursuant to Section 5/2-621, Starlinger N.A. has exercised due diligence in providing the Plaintiff with the correct identity of the manufacturer in a timely fashion, in order to obtain its dismissal from the lawsuit. In accordance with Section 5/2-621 it is also the plaintiff's duty to exercise due diligence in serving and obtaining jurisdiction over the manufacturer already named in the Complaint.

The fact that plaintiff has not served Maplan should not preclude Starlinger N.A. from obtaining a dismissal from the lawsuit. Illinois courts have held that the provisions of Section 5/2-621 places an affirmative duty on the Plaintiff to file suit and obtain jurisdiction over the manufacturing defendant once its identity is known. *Cherry v. Siemans., id.*, 206 Ill App. 3d at 1061. In *Cherry v. Siemans, id.*, the

plaintiff named the manufacturer in the Complaint, but refrained from serving the manufacturer because of the difficulty of serving a foreign defendant. The First District Appellate Court affirmed the distributor's dismissal from the lawsuit pursuant to Section 5/2-621, although the manufacturer had not been served. *Id.* at 1064. The court noted that the Plaintiff's failure to exercise due diligence in effectuating service on the manufacturer enabled the trial court to exercise its discretion in dismissing the distributor. *Id.* at 1060. The Court noted further that the Plaintiff does not the option of simply opting not to served process upon a foreign manufacturer. *Id.* at 1061.

Plaintiff originally filed its Complaint on January 31, 2008, naming Maplan as a defendant. Almost six months have passed, and Plaintiff has failed to obtain service over Maplan. As in *Cherry v. Siemans, id.*, the manufacturer is a foreign defendant. Although Plaintiff has taken steps to obtain service of Maplan, and the Court granted Plaintiff's request for International Judicial Assistance, service has not been effectuated over Maplan. Accordingly, the fact that the Plaintiff has not exercised due diligence in serving Maplan should not preclude Starlinger N.A.'s dismissal from this action. It is well within the Court's discretion to dismiss the strict liability in tort claim alleged against Starlinger N.A. in the Amended Complaint. Therefore, pursuant to 735 ILCS 5/2-621, this court should order the dismissal of Count I against Starlinger N.A.

WHEREFORE, STARLINGER, N.A. respectfully requests that this Court enter an Order dismissing Counts I of Plaintiff's Amended Complaint at Law directed against it, and for such other an further relief that this Court deems just and proper.

## II. This Court Should Order Plaintiff to File a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e), Pleading Separate Causes of Action Against Each Defendant.

Counts I, II, III and IV of Plaintiff's complaint sets forth causes of action against the three named defendants, STARLINGER NORTH AMERICA INC., (an Illinois Corporation), MAPLAN MASCHINEN und TECHNISCHE, (an Austrian Company) and STARLINGER & COMPANY, (an Austrian Company).

As noted above, plaintiff refers to all three defendants collectively as Starlinger in each of the four counts of the Amended Complaint. Plaintiff fails to differentiate which of the defendants is the manufacturer or distributor, alleging that all three defendants manufactured, sold, distributed, or otherwise placed the Maplan Moulding Machine into the stream of commerce. Plaintiff fails to distinguish which alleged act or omission that each defendant is allegedly responsible.

Pursuant to Fed. R. Civ. P. 12(e), a party may make a motion for a more definite statement when a pleading is "so vague or ambiguous" that a party cannot reasonably be required to frame a responsive pleading. Fed.R. Civ. P. 8(e) requires that the pleading be "simple, concise and direct" setting forth a claim in separate counts. In addition, Fed. Rule. Civ. P. 10(b) states that "each claim founded upon a separate transaction or occurrence ...shall be stated in a separate count or defense, whenever a separation facilitates the clear presentation of the matter set forth." Federal courts have held that separate statements may be required where there are multiple defendants and their potential liability is several. *Plummer v. Chicago Journeyman Plumbers' Local Union*, 452 F.Supp 1127, (1978, ND Ill) (revd on other grounds), citing from 2A *Moore's Federal Practice,* para. 10.03.

Plaintiff's failure to identify and differentiate which acts or omissions were caused by each defendant makes it impossible for Starlinger N.A. to ascertain the nature of the claims against it or to frame a responsive pleading. Starlinger N.A. is an Illinois Corporation, and the other defendants are Austrian Companies, therefore the geographic reality is that all the defendants could not have participated in every act alleged in the Complaint. Clearly, a distributor's actions in the selling and marketing of a product is separate from a manufacturer's design and manufacture of a product. Accordingly, the allegations against each of these companies should not be the same. Further, it is improper and prejudicial to group the three companies under one name, and refer to all three defendants collectively as Starlinger in each of the four counts of the Amended Complaint. Therefore, Plaintiff should file a more definitive pleading within ten days alleging separate counts against all defendants, pursuant to Federal Rule of Civil Procedure 12(e).

WHEREFORE, STARLINGER, N.A. respectfully requests this Court to:

1) Enter an Order dismissing Count I of Plaintiff's Amended Complaint at Law directed against it pursuant to 735 ILCS 5/2-621;

2) Enter an Order requiring Plaintiff to file a more definitive pleading within 10 days alleging separate counts against all defendants ;

3) If Plaintiff fails to file a more definite pleading within 10 days, enter an Order striking Counts I-IV;

3) Enter an Order for such other and further relief that this Court deems just and proper.

Respectfully submitted,

_____
David W. Clark

David W. Clark
Elizabeth P. Schaffer
PEREGRINE, STIME, NEWMAN,
RITZMAN & BRUCKNER, LTD.
221 East Illinois Street
P. O. Box 564
Wheaton, Illinois 60189-0564
(630) 665-1900
M:\STARLINGER advs. Abbott\Memo.of law.M.dsms.wpd

7