IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, <br> a resident of Indiana, <br><br> Plaintiff, <br><br> v. <br><br> STARLINGER NORTH AMERICA, INC., <br> an Illinois Corporation, <br> MAPLAN MASCHINEN und TECHNISCHE <br> ANLAGEN PLANUNGS und FERTIGUNGS <br> Gesellschaft m.b.H, an Austrian company, and <br> STARLINGER & COMPANY Gesellschaft <br> m.b.H, an Austrian company, <br><br> Defendants. | CASE NO: 08 C 642 <br> JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff, MATTHEW F. ABBOTT ("Plaintiff"), by and through his counsel, KENNETH J. ALLEN & ASSOCIATES, P.C., files his response in opposition to Defendant Starlinger North America, Inc.'s ("Starlinger, N.A.") Motion for a More Definite Statement. For his Response, Plaintiff states:

### I. STATEMENT OF THE ALLEGATIONS

Plaintiff has filed his four-count complaint against Defendants Starlinger & Company, Maplan Maschinen und Technische Anlagen Planungs und Fertigungs, and Starlinger, N.A. (collectively, "Defendants") seeking relief for claims of negligence, strict

products liability, breach of warranty and under the doctrine of *res ipsa loquitur* against the Defendants.

On July 21, 2006, while in the performance of his job duties, Plaintiff was using a Maplan MTF 100/15C, Serial No. 20401763, Rubber Injection Moulding Machine ("Maplan Moulding Machine") at the premises of his employer, NISCO. While using the machine, Matthew suffered serious and permanent injuries when the Maplan Moulding Machine caught, burned, and traumatically amputated his fingers on his dominant hand. Plaintiff's hand could not be extricated for several minutes until others employees cut the hydraulic lines of the machine as there was no means to open the machine if an operator's hand became caught.

Defendants were in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce the Maplan Moulding Machine, which was ultimately purchased by NISCO for use by its employees, such as the Plaintiff. Starlinger, N.A. distributes and installs Maplan Moulding Machines in the United States. (Affidavit of Pat Hook, paragraph 2.)

## II. ARGUMENT

Under the federal rule of notice pleading, Plaintiff is required to provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Leatherman v. Tarrant County Narcotics*

*Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160 (1993); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). For fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992); *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir.1985). A plaintiff need not plead facts; he can plead conclusions, so long as the conclusions provide the defendant with at least minimal notice of the claim. *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir.1995).

A motion for a more definite statement should be denied unless the movant can show that additional information is essential to enable preparation of a response. *United States for the use of Argyle Cut Stone v. Paschen Contractors*, 664 F.Supp. 298, 303 (N.D.Ill.1987); Federal Rule of Civil Procedure 12(e). In ruling on a motion for a more definite statement, the Court evaluates the movant's ability to prepare a responsive pleading according to the minimal duty imposed by the federal pleading rules and any possibility that the movant would be prejudiced by attempting to answer a vague pleading. *UNR Industries, Inc. v. Continental Ins. Co.*, 607 F.Supp. 855, 868 (N.D.Ill.1984). A motion for a more definite statement should be denied if it meets the notice pleading standards set forth in Fed. R. Civ. P. 8 by notifying the opposing party of the nature of the claim so that they are able to respond. *Wishnick v. One Stop Food and Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D.Ill.1973); *Teradyne v. Clear Communications Corp.*, 707 F.Supp. 353, 354 (N.D.Ill.1989).

A motion for a more definite statement should not be used to obtain factual details or as a substitute for discovery. See *Re v. Fullop*, 22 F.R.D. 52, 55 (E.D.Ill.1958); *Boerstler v. American Medical Association*, 16 F.R.D. 437, 447 (N.D.Ill.1954).

Plaintiff's four-count amended complaint sets out allegations against the Defendants for strict products liability, negligence, breach of warranty and *res ipsa loquitur*. These allegations include allegations of Starlinger, N.A.'s negligent installation, service, repair and distribution of the Maplan Moulding Machine which injured the Plaintiff. As the machine's distributor, Starlinger, N.A. was responsible for, *inter alia,* installation, service, repair and distribution of it. Plaintiff alleges that the Defendants, including Starlinger, N.A., are liable for the Plaintiff's injuries for, among other reasons:

- Defendants failed to exercise reasonable care in the design, manufacture and *installation* of the Maplan Moulding Machine so as to ensure that it could not be operated or the press engaged when operators were in the machine repairing, servicing, or otherwise maintaining the machine in a reasonably foreseeable manner;

- Defendants failed to exercise reasonable care in the design, manufacture and *installation* of the Maplan Moulding Machine so as to ensure that it had safe and adequate guards at its pinch-points and point of operation so as to prevent operators and other users of the machine from foreseeable injury while the machine was being utilized in a reasonably foreseeable manner;

- Defendants failed to comply with applicable ANSI, OSHA, ISO, ASTM, and other safety standards governing design, manufacture, *set-up*, sale, warnings, *installation* and/or guarding of the Maplan Moulding Machine;

- Defendants failed to comply with acceptable custom and practice in the industry governing design, manufacture, *set-up*, sale, warnings, *installation*

    and/or guarding of the Maplan Moulding Machine;

- Defendants failed to exercise reasonable care in the design, manufacture, *set-up and installation* of the Maplan Moulding Machine so as to ensure that it had adequate and proper controls including an emergency stop which could be easily accessed and activated by all foreseeable users whether on or around the Maplan Moulding Machine;

- Defendants failed to properly *maintain* the Maplan Moulding Machine and its component parts when reasonable maintenance would have prevented unreasonably dangerous defects and/or conditions of disrepair;

- Defendants failed to properly *inspect* the Maplan Moulding Machine and its component parts when a reasonable inspection would have revealed unreasonably dangerous defects and/or conditions of disrepair;

- Defendants failed to properly *repair* the Maplan Moulding Machine and its component parts when reasonable repairs would have corrected unreasonably dangerous defects and/or conditions of disrepair;

- Defendants failed to act as a reasonably prudent designer, manufacturer, *seller, supplier, distributor, seller, installer, repairer, servicer, or procurer* of the Maplan Moulding Machine would have acted under the same or similar circumstances;

- Defendants failed to use the same care and caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

Defendant's own motion, along with the accompanying Affidavit of Pat Hook, undermine Defendant's Motion for a more definite statement. Each paragraph in Pat Hook's Affidavit demonstrates that Defendant Starlinger, N.A. has been provided more than sufficient notice in order for Starlinger, N.A. to prepare and file a responsive pleading in this case. Additionally, Plaintiff's allegations contained in the Amended Complaint

more than meet the minimum standards of notice pleading required by the federal rules.

Accordingly, Defendant Starlinger, N.A.'s Motion for a More Definite Statement should be denied.

WHEREFORE, Plaintiff MATTHEW F. ABBOTT respectfully requests that the Motion for a More Definite Statement filed by Defendant, Starlinger North America, Inc. be denied and for all other relief which is just and proper.

          Respectfully submitted,

          **KENNETH J. ALLEN & ASSOCIATES, P.C.**

          Attorneys for Plaintiff

          s/ Adrian P. Smith
          _____

          Bryan L. Bradley
          Adrian P. Smith



*Refer to Office Indicated*

☒ ALLEN LAW BUILDING    ☐ CHASE BANK CENTER    ☐ CHARTER ONE BANK    ☐ SMURFIT-STONE BUILDING
1109 Glendale Boulevard     8585 Broadway, 8th Floor     17450 South Halsted St.     150 North Michigan Ave.
Valparaiso, IN 46383     Merrillville, IN 46410     Homewood, IL 60430     Chicago, IL 60606

**INJURY ATTORNEYS**     219.465.6292     219.736.6292     708.799.6292     312.236.6292

## Service List

Matthew Abbott v. Starlinger North America, Inc., et al.
No. 1:08 CV 642

### *Attorneys for Defendants*
David W. Clark
Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd.
221 East Illinois Street
Wheaton, IL 60187