IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, ) <br> a resident of Indiana, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARLINGER NORTH AMERICA, INC., ) <br> an Illinois Corporation, ) <br> MAPLAN MASCHINEN und TECHNISCHE ) <br> ANLAGEN PLANUNGS und FERTIGUNGS ) <br> Gesellschaft m.b.H, an Austrian company, and ) <br> STARLINGER & COMPANY Gesellschaft ) <br> m.b.H, an Austrian company, ) <br> ) <br> Defendants. ) | CASE NO: 08 C 642 <br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO STAY DEFENDANT STARLINGER NORTH
AMERICA'S MOTION TO DISMISS IN ORDER TO CONDUCT DISCOVERY
UPON DEFENDANT STARLINGER NORTH AMERICA, INC.**

Plaintiff, MATTHEW F. ABBOTT ("Plaintiff"), by and through his counsel, KENNETH J. ALLEN & ASSOCIATES, P.C., files his motion to stay Defendant Starlinger North America, Inc.'s ("Starlinger, N.A.") motion to dismiss in order to conduct discovery upon Starlinger, N.A. For his Motion, Plaintiff states:

1. On July 21, 2006, while in the performance of his job duties, Plaintiff was using a Maplan MTF 100/15C, Serial No. 20401763, Rubber Injection Moulding Machine ("Maplan Moulding Machine") at the premises of his employer, NISCO. While using the machine,

Matthew suffered serious and permanent injuries when the Maplan Moulding Machine caught, burned, and traumatically amputated his fingers on his dominant hand. Plaintiff's hand could not be extricated for several minutes until others employees cut the hydraulic lines of the machine as there was no means to open the machine if an operator's hand became caught.

2. Defendants were in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce the Maplan Moulding Machine, which was ultimately purchased by NISCO for use by its employees, such as the Plaintiff. Starlinger, N.A. distributes and installs Maplan Moulding Machines in the United States.

3. Plaintiff initiated this action on January 30, 2008. On March 7, 2008, Plaintiff filed his amended four-count complaint against Defendants Starlinger & Company, Maplan Maschinen und Technische Anlagen Planungs und Fertigungs, and Starlinger, N.A. (collectively, "Defendants") seeking relief for claims of negligence, strict products liability, breach of warranty and under the doctrine of *res ipsa loquitur*.

4. Starlinger, N.A. appeared in this action on March 6, 2008. On March 26, 2008, Starlinger, N.A. moved for additional time to plead or otherwise defend in this action, which the Court granted on April 4, 2008. On May 12, 2008, Starlinger, N.A. moved for a second time to plead or otherwise defend this action. The Court granted Starlinger, N.A.'s motion on May 12, 2008, giving Starlinger, N.A. until June 15, 2008. Starlinger, N.A. filed

its Motion to Dismiss this action on June 13, 2008.

5. Starlinger, N.A. has moved this court for dismissal pursuant to 735 ILCS 5/2-621. Although Starlinger, N.A.'s Motion is labeled a Motion to Dismiss, which is the term used in 735 ILCS 5/2-621, the subject matter for dismissal is more akin to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 than a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). Pursuant to 735 ILCS 5/2-621, Starlinger, N.A. has submitted the affidavit of Pat Hook, which is a document outside of the current pleadings. Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

6. Under 735 ILCS 5/2-621, once the manufacturer has appeared, answered and certified that it is the manufacturer, the Plaintiff is required to make a "showing" that the Defendants have exercised some "control" over the instrumentality. However, such a showing would be impractical to make at this time, as Plaintiff has been thus far been unable to conduct discovery in this case in order to show that Starlinger, N.A., the American arm of the manufacturer of the machine exercised such control. As of the date of this filing, Defendant Starlinger, N.A. has not provided its Rule 26(a)(1) disclosures, and accordingly, no discovery has been conducted.

7. 735 ILCS 5/2-621 is not a means by which a distributor may escape the consequences of his own conduct. *Farris v. Satzinger*, 681 F.Supp. 485, 489 (N.D. Ill. 1987). Factual questions of causation may not be ignored. *Id.*; *Bastian v. Wausau Homes, Inc.*, 638 F.Supp. 1325, 1327 (N.D. Ill. 1986). A court shall not order the dismissal of the 'non-manufacturer' defendant where the plaintiff demonstrates evidence of, *inter alia*, the defendant's control over the design or manufacture of the product, actual knowledge of the defect in the product, or creation by the defendant of the defect in the product. *Lamkin v. Towner*, 138 Ill.2d 510, 563 N.E.2d 449, 458 (1990).

8. Starlinger, N.A. has admitted that it was the installer of the machine which was the proximate cause of Plaintiff's injury in this case. It is incumbent upon the Plaintiff to make a showing that Starlinger, N.A. acted negligently in the installation, maintenance, repair of the subject machine or that the defendants had some control over the design or manufacture of the product, actual knowledge of the defect in the product, or creation by the defendant of the defect in the product. Such a showing cannot be made without conducting discovery upon Starlinger, N.A., and may, in fact, require the appearance of the Austrian Defendants.

9. Starlinger, N.A. would not be unduly prejudiced by the conducting of discovery because, at this time, the Court lacks jurisdiction over the manufacturing defendants identified by the Starlinger, N.A., and thus, at this time, Starlinger, N.A. cannot be

dismissed. 735 ILCS 5/2-621.

WHEREFORE, Plaintiff MATTHEW F. ABBOTT respectfully requests that this Court issue an order granting Plaintiff Motion to Stay responses to Defendant Starlinger North America, Inc.'s Motion to Dismiss and allow Plaintiff to conduct discovery upon Defendant Starlinger North America, Inc. and for all other relief which is just and proper.

        Respectfully submitted,

        **KENNETH J. ALLEN & ASSOCIATES, P.C.**

        Attorneys for Plaintiff

        s/ Adrian P. Smith
        _____
        Bryan L. Bradley
        Adrian P. Smith



*Refer to Office Indicated*

| ☒ ALLEN LAW BUILDING | ☐ CHASE BANK CENTER | ☐ CHARTER ONE BANK | ☐ SMURFIT-STONE BUILDING |
|---|---|---|---|
| 1109 Glendale Boulevard | 8585 Broadway, 8th Floor | 17450 South Halsted St. | 150 North Michigan Ave. |
| Valparaiso, IN 46383 | Merrillville, IN 46410 | Homewood, IL 60430 | Chicago, IL 60606 |
| 219.465.6292 | 219.736.6292 | 708.799.6292 | 312.236.6292 |

INJURY ATTORNEYS

## Service List

Matthew Abbott v. Starlinger North America, Inc., et al.
No. 1:08 CV 642

### *Attorneys for Defendants*
David W. Clark
Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd.
221 East Illinois Street
Wheaton, IL 60187