IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, ) <br> a resident of Indiana, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STARLINGER NORTH AMERICA, INC., ) <br> an Illinois Corporation, ) <br> MAPLAN MASCHINEN und TECHNISCHE ) <br> ANLAGEN PLANUNGS und FERTIGUNGS ) <br> Gesellschaft m.b.H, an Austrian company, and ) <br> STARLINGER & COMPANY Gesellschaft ) <br> m.b.H, an Austrian company, ) <br> ) <br> Defendants. ) | CASE NO: 08 C 642 <br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF PAT HOOK AND DEFENDANT STARLINGER NORTH AMERICA'S MOTION TO DISMISS**

Plaintiff, MATTHEW F. ABBOTT ("Plaintiff"), by and through his counsel, KENNETH J. ALLEN & ASSOCIATES, P.C., moves to strike Defendant Starlinger North America, Inc.'s ("Starlinger, N.A.") Motion to Dismiss and the affidavit of Pat Hook. For his motion, Plaintiff states:

1. On July 21, 2006, while in the performance of his job duties, Plaintiff was using a Maplan MTF 100/15C, Serial No. 20401763, Rubber Injection Moulding Machine ("Maplan Moulding Machine") at the premises of his employer, NISCO. While using the machine, Matthew suffered serious and permanent injuries when the Maplan Moulding Machine

caught, burned, and traumatically amputated his fingers on his dominant hand. Plaintiff's hand could not be extricated for several minutes until others employees cut the hydraulic lines of the machine as there was no means to open the machine if an operator's hand became caught.

2. Defendants were in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce the Maplan Moulding Machine, which was ultimately purchased by NISCO for use by its employees, such as the Plaintiff. Starlinger, N.A. distributes, installs, repairs and otherwise maintains Maplan Moulding Machines in the United States.

3. Plaintiff initiated this action on January 30, 2008. On March 7, 2008, Plaintiff filed his amended four-count complaint against Defendants Starlinger & Company, Maplin Maschine und Technische Anlagen Planungs und Fertigungs, and Starlinger, N.A. (collectively, "Defendants") for claims of negligence, strict products liability, breach of warranty and under the doctrine of *res ipsa loquitur*.

4. Starlinger, N.A. appeared in this action on March 6, 2008. On March 26, 2008, Starlinger, N.A. moved for additional time to plead or otherwise defend in this action, which the Court granted on April 4, 2008. On May 12, 2008, Starlinger, N.A. moved for a second time to plead or otherwise defend this action. The Court granted Starlinger, N.A.'s second motion for additional time on May 12, 2008, giving Starlinger, N.A. until June 15,

2008 to plead. Starlinger, N.A. filed its Motion to Dismiss this action on June 13, 2008.

5. Pursuant to the Court's order, initial disclosures were to be exchanged on May 5, 2008. Plaintiff timely tendered its Rule 26(a)(1) disclosures in compliance with the Court's order.

6. As of the filing of this motion, Plaintiff has not received Defendant Starlinger, N.A.'s Federal Rule of Civil Procedure 26(a)(1) initial disclosures. Defendant has promised that the disclosure is being mailed; however, Plaintiff's counsel has not received them, and they were due approximately forty-five days ago. The rules make clear that there is little or no excuse for a party not timely providing it Rule 26(a)(1) initial disclosures. "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(E).

7. Plaintiff has attempted to resolve the failure of Starlinger, N.A. to produce its initial disclosures and has requested them repeatedly. The last such request was made on June 10, 2008, and Defendant's response was that the initial disclosures would be forth coming shortly. (See: Exhibit 1, e-mails exchanged between counsel between May 14, 2008 to June 10, 2008.) Recently, Starlinger, N.A. has assured the Plaintiff that the initial disclosures would be forth coming, however, by the date of this filing, Plaintiff has yet to

receive Starlinger, N.A.'s initial disclosures.

8. Of course, the 26(a)(1) disclosures require the defendants to identify any and all witnesses and documents which it may use to assert a claim or defense in this litigation. 735 ILCS 5/2-621 falls squarely within the parameters of disclosure of a defense, and Plaintiff has been and will continue to be prejudiced if it has to respond to Starlinger, N.A.'s Motion to Dismiss without having received this Defendant's 26(a)(1) disclosures.

9. Rule 37(c)(1) provides that a party who fails to disclose a witness or document as required by Rule 26(a)(1), or to provide information on a witness or documents in supplemental disclosures required by Rule 26(e)(1), shall not be allowed to use such evidence at trial unless the failure is harmless. The Advisory Committee Notes describe this as an automatic sanction that provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence. The same should hold true for the Motion to Dismiss filed by the Defendant. The affidavit of Pat Hook along with the entire Motion to Dismiss should be stricken as they are relying upon witnesses, information, and arguments which Defendant Starlinger, N.A. failed to timely disclose in accordance with the Court's Order setting the cutoff for Rule 26(a)(1) disclosures.

10. Also, the Court may impose other sanctions including those authorized by Rule 37(b)(2).

11. Additionally, Starlinger, N.A.'s Motion is premature. Starlinger, N.A. has

moved to "Dismiss" Count I of Plaintiff's Complaint pursuant to 735 ILCS 5/2-621. Starlinger, N.A. contends the Count should be dismissed because Starlinger, N.A. is not the manufacturer, but simply the distributor and installer of the Maplan Moulding Machine in question in this litigation. However, at this point, Starlinger, N.A.'s motion is premature as the manufacturer and distributor named by Starlinger, N.A. (Defendants Starlinger & Company, Maplin Maschine und Technische Anlagen Planungs und Fertigungs) have yet to be served with process and have yet to be required to answer or otherwise plead in this action.

12. 735 ILCS 5/2-621 provides that defendants other than the manufacturer should not be dismissed until "the manufacturer or manufacturers have or are required to have answered or otherwise pleaded."

13. Plaintiff has been exercising due diligence in obtaining service of process on the remaining defendants. As the docket indicates, Plaintiff moved and was granted leave to file a Request for International Assistance, pursuant to appropriate Austrian law. The process of service via letters rogatory is long and tedious, requiring the documents to go through various diplomatic channels of the United States State Department, the Austrian government. Additionally, Austria requires the documents to be translated by a translator certified by the Austrian Courts. As of the date of this writing, the Austrian Defendants have not been served. The lack of service, to date, is not attributable to any lack of due

diligence on the part of the Plaintiff. Accordingly, the time for Austrian Defendants to answer or otherwise plead has not run. As a result, Starlinger, N.A.'s motion is premature and should be struck or in the alternative, denied.

WHEREFORE, Plaintiff MATTHEW F. ABBOTT respectfully requests that this Court strike Defendant Starlinger North America, Inc.'s Motion to Dismiss and the affidavit of Pat Hook and for all other relief which is just and proper.

> Respectfully submitted,
>
> **KENNETH J. ALLEN & ASSOCIATES, P.C.**
>
> Attorneys for Plaintiff
>
> s/ Adrian P. Smith
> _____
> Bryan L. Bradley
> Adrian P. Smith



**INJURY ATTORNEYS**

*Refer to Office Indicated*

| ☒ ALLEN LAW BUILDING | ☐ CHASE BANK CENTER | ☐ CHARTER ONE BANK | ☐ SMURFIT-STONE BUILDING |
|---|---|---|---|
| 1109 Glendale Boulevard | 8585 Broadway, 8th Floor | 17450 South Halsted St. | 150 North Michigan Ave. |
| Valparaiso, IN 46383 | Merrillville, IN 46410 | Homewood, IL 60430 | Chicago, IL 60606 |
| 219.465.6292 | 219.736.6292 | 708.799.6292 | 312.236.6292 |

## Service List

Matthew Abbott v. Starlinger North America, Inc., et al.
No. 1:08 CV 642

### *Attorneys for Defendants*
David W. Clark
Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd.
221 East Illinois Street
Wheaton, IL 60187