

Beglaubigte Übersetzung aus dem Englischen:

# BUNDESBEZIRKSGERICHT DER VEREINIGTEN STAATEN
## NÖRDLICHER BEZIRK VON ILLINOIS

## LADUNG/AUFFORDERUNG IN EINER ZIVILSACHE

MATTHEW ABBOTT

gegen

FALL NUMMER **08 C 642**

STARLINGER NORTH AMERICA, INC., eine
Firma in Illinois, STARLINGER & COMPANY
GesmbH, eine österreichische Firma, und MAPLAN
MASCHINEN und TECHNISCHE ANLAGEN
PLANUNGS und FERTIGUNGS GesmbH, eine
österreichische Firma

zugeteilter Richter: **Darrah**

zugeteilter Untersuchungsrichter: **Valdez**

An: (Name und Adresse des Beklagten)

MAPLAN Maschinen und technische
Anlagen Planungs und Fertigungs  GEsmbH
zu Handen des ranghöchsten Organträgers
Schoellergasse 9
A-2630 Ternitz, Österreich

**SIE WERDEN HIERMIT GELADEN/AUFGEFORDERT** und es wird Ihnen
aufgetragen, dem ANWALT DES KLÄGERS (Name und Adresse)

Bryan L. Bradley
Kenneth J. Allen & Associates, P.C.
1109 Glendale Blvd.
Valparaiso, IN 46383

eine Antwort auf die Klage, die Ihnen hiermit zugestellt wird, innerhalb von **zwanzig (20)**
Tagen ab dem Tag, an dem Ihnen diese Ladung/Aufforderung zugestellt wird, zuzustellen.
Falls Sie dies verabsäumen, wird ein Versäumnisurteil bezüglich des in der Klage verlangten
Rechtsbehelfs gegen Sie ergehen. Sie müssen Ihre Antwort auch beim Beamten der
Geschäftsstelle des gegenständlichen Gerichts innerhalb eines angemessenen Zeitraums nach
der Zustellung einbringen.

| | |
|---|---|
| **Formular drucken** | ACHTUNG: Achten Sie darauf, die Option „Bemerkungen" zu stornieren, wenn das Feld „Drucken" erscheint; |

|  |
|---|
| **Formular löschen** |

**Michael W. Dobbins, Beamter**

Unterschrift (unleserlich)
i. A. Stellvertreter

6. Februar 2008
Datum

Runder Gerichtsstempel

Wien, am 22. Februar 2008

Die genaue Übereinstimmung der vorstehenden Übersetzung mit der angehefteten Abschrift bestätige ich unter Berufung auf meinen Eid.

Dipl. Dolm. Silvia Stöcklöcker



Allgemein beeidete und gerichtlich zertifizierte Dolmetscherin für die englische Sprache
DIPL. DOLM. JÖCKLÖCKER
* WIEN *

Beglaubigte Übersetzung aus dem Englischen:

# BUNDESBEZIRKSGERICHT DER VEREINIGTEN STAATEN
## NÖRDLICHER BEZIRK VON ILLINOIS

## LADUNG/AUFFORDERUNG IN EINER ZIVILSACHE

MATTHEW ABBOTT

     gegen

FALL NUMMER **08 C 642**

STARLINGER NORTH AMERICA, INC., eine Firma in Illinois, STARLINGER & COMPANY GesmbH, eine österreichische Firma, und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, eine österreichische Firma

zugeteilter Richter: **Darrah**

zugeteilter Untersuchungsrichter: **Valdez**

An: (Name und Adresse des Beklagten)

Starlinger & Company GesmbH
zu Handen des ranghöchsten Organträgers
Sonnenuhrgasse 4
A-1060 Wien, Österreich

**SIE WERDEN HIERMIT GELADEN/AUFGEFORDERT** und es wird Ihnen aufgetragen, dem ANWALT DES KLÄGERS (Name und Adresse)

    Bryan L. Bradley
    Kenneth J. Allen & Associates, P.C.
    1109 Glendale Blvd.
    Valparaiso, IN 46383

eine Antwort auf die Klage, die Ihnen hiermit zugestellt wird, innerhalb von **zwanzig (20)** Tagen ab dem Tag, an dem Ihnen diese Ladung/Aufforderung zugestellt wird, zuzustellen. Falls Sie dies verabsäumen, wird ein Versäumnisurteil bezüglich des in der Klage verlangten Rechtsbehelfs gegen Sie ergehen. Sie müssen Ihre Antwort auch beim Beamten der Geschäftsstelle des gegenständlichen Gerichts innerhalb eines angemessenen Zeitraums nach der Zustellung einbringen.

| **Formular drucken** | ACHTUNG: Achten Sie darauf, die Option „Bemerkungen" zu stornieren, wenn das Feld „Drucken" erscheint, | **Formular löschen** |
| --- | --- | --- |

**Michael W. Dobbins, Beamter**

Unterschrift (unleserlich)
i. A. Stellvertreter

6. Februar 2008
Datum

        Runder Gerichtsstempel

Wien, am 22. Februar 2008

Die genaue Übereinstimmung der vorstehenden Übersetzung mit der angehefteten Abschrift
bestätige ich unter Berufung auf meinen Eid.

Dipl. Dolm. Silvia Stöcklöcker

Beglaubigte Übersetzung aus dem Englischen:

## IM BUNDESBEZIRKSGERICHT DER VEREINIGTEN STAATEN FÜR DEN NÖRDLICHER BEZIRK VON ILLINOIS ÖSTLICHER TEIL

MATTHEW ABBOTT,
wohnhaft in Indiana,

Kläger,

gegen

STARLINGER NORTH AMERICA, INC.,
eine in Illinois eingetragene Firma,
MAPLAN MASCHINEN und TECHNISCHE
ANLAGEN PLANUNGS und FERTIGUNGS
Gesellschaft m.b.H., eine in Österreich eingetragene
Firma, und
STARLINGER & COMPANY Gesellschaft m.b.H.,
eine in Österreich eingetragene Firma

Beklagte

Fall Nr. 08 C 642

## ERSUCHEN UM INTERNATIONALE RECHTSHILFE

Das Bundesbezirksgericht, Nördlicher Bezirk von Illinois, Östlicher Teil, versichert den zuständigen Stellen in Österreich seine Hochachtung und ersucht um internationale Rechtshilfe bei der Durchführung einer Zustellung von Schriftstücken an einen in dem oben bezeichneten Zivilverfahren, das derzeit bei diesem Gericht anhängig ist, benannten Beklagten.

Der Kläger hat eine Klage in der oben bezeichneten Sache eingebracht, in der unter anderem Fahrlässigkeit bezüglich des mangelhaften und unangemessen gefährlichen Zustandes der gegenständlichen „Maplan Spritzgiessmaschine" behauptet wird, auf Grund derer der Kläger Schäden erlitten hat. Der Kläger beantragt einen Gerichtsbeschluss auf Zahlung von Schadenersatz, wie es nach dem Gesetz möglich ist.

Das gefertigte Gericht ersucht um die hier beschriebene Unterstützung, wie diese im Interesse der Rechtsfindung erforderlich ist. Es wurde diesem Gericht mitgeteilt, dass der beklagten Firma **Maplan Maschinen und technische** derzeit unter der folgenden Adresse Schriftstücke zugestellt werden können:

**Maplan Maschinen und technische**
**Schoellergasse 9**
**A-2630 Ternitz**
**ÖSTERREICH**

Das gefertigte Gericht ersucht höflichst, dass Sie die Zustellung einer Ausfertigung der beiliegenden Schriftstücke – und zwar der Ladung/Aufforderung in einer Zivilsache und der Klage, gemeinsam mit einer in Österreich angefertigten beglaubigten Übersetzung dieser Schriftstücke ins Deutsche– der Fa. **Maplan Maschinen und technische** an der oben angeführten Adresse veranlassen mögen, indem einem Direktor, Organträger oder einer anderen Person, die zur Entgegennahme von Schriftstücken in Zivilverfahren gemäß den Bestimmungen für die Zustellung ähnlicher Schriftstücke nach österreichischem Recht ermächtigt ist, ausgehändigt wird.

Das gefertigte Gericht ersucht weiters, dass Sie nach erfolgter Zustellung die mit der Zustellung der Schriftstücke bei der Fa. **Maplan Maschinen und technische** beauftragte Person dazu veranlassen, eine Bestätigung der Zustellung auszufertigen, und diese, gemeinsam mit einer Abschrift der zugestellten Schriftstücke an das gefertigte Gericht an die tiefer stehende Adresse zurücksenden.

Der Anwalt des Klägers, Kenneth J. Allen & Associates, P.C., 1109 Glendale Boulevard, Valparaiso, Indiana, 46383 USA, stehen zu Ihrer Verfügung, um Ihrer Behörde alle Ausgaben zu erstatten, die Ihnen bei der Durchführung dieses Rechtshilfeersuchens erwachsen.

Das gefertigte Gericht versichert Ihrer Behörde auch, dass es auf Gegenseitigkeitsbasis eine ähnliche Unterstützung in ähnlich gelagerten Fällen leisten wird und übermittelt den Justizbehörden in Österreich seine höchste Wertschätzung.

Datum: 8. April 2008

Unterschrift: John W. Darrah
Bundesbezirksgericht der Vereinigten Staaten
Nördlicher Bezirk von Illinois, Östlicher Teil
Everett McKinley Dirksen Building
219 South Dearborn Street
Chicago, Illinois 60604
Telefon: (312) 435-5698

- - - - - - - - - - -

Wien, am 28. April 2008

Die genaue Übereinstimmung der vorstehenden Übersetzung mit der angehefteten Abschrift bestätige ich unter Berufung auf meinen Eid.

Dipl. Dolm. Liese Katschinka



Beglaubigte Übersetzung aus dem Englischen:

Stempel: Eingelangt
30. Jänner 2008
Michael W. Dobbins
Beamter, Bundesbezirksgericht
der Vereinigten Staaten

## IM BUNDESBEZIRKSGERICHT DER VEREINIGTEN STAATEN FÜR DEN NÖRDLICHEN BEZIRK VON ILLINOIS ÖSTLICHER TEIL

MATTHEW F. ABBOTT,
wohnhaft in Indiana,

        Kläger,

gegen

STARLINGER NORTH AMERICA, INC.,
eine Firma in Illinois,
MAPLAN MASCHINEN UND
TECHNISCHE ANLAGEN PLANUNGS
und FERTIGUNGS Gesellschaft m.b.H.,
eine österreichische Firma, und
STARLINGER & COMPANY Gesellschaft
m.b.H., eine österreichische Firma,

        Beklagte

FALL NUMMER: 08 C 642

ANTRAG AUF VERHANDLUNG VOR
GESCHWORENEN

**RICHTER DARRAH
UNTERSUCHUNGSRICHTER VALDEZ**

## KLAGE

Der Kläger, MATTHEW F. ABBOTT, („Kläger") behauptet im Rahmen seiner Klage gegen STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (nachfolgend gemeinsam als „Starlinger" bezeichnet) und bringt Folgendes vor:

### Sachliche und Örtliche Zuständigkeit

1. Das gegenständliche Gericht ist gemäß amerikanischem Recht (28 USC §1332) sachlich für die Klage zuständig:

1

a. Auf Grund von Informationen und im besten Glauben war Starlinger North America, Inc., zu allen relevanten Zeiten eine Firma in Illinois, mit Firmensitz im Nördlichen Bezirk von Illinois, und die Firma war die exklusive Vertriebsfirma für Nordamerika von Maplan Maschinen und Technische Anlagen Planungs und Fertigungs GesmbH, eine österreichische Firma, und Starlinger & Company GesmbH:

b. Auf Grund von Informationen und im besten Glauben war Starlinger & Company zu allen relevanten Zeiten eine österreichische Firma, die sich in zweckdienlicher Weise des Vorrechtes bediente, Tätigkeiten im Nördlichen Bezirk von Illinois nachzugehen;

c. Auf Grund von Informationen und im besten Glauben war MAPLAN Maschinen und Technische Anlagen Planungs und Fertigungs GesmbH zu allen relevanten Zeiten eine österreichische Firma, die sich in zweckdienlicher Weise des Vorrechts bediente, Tätigkeiten im Nördlichen Bezirk von Illinois nachzugehen;

d. Zu allen relevanten Zeiten war der Kläger in Indiana wohnhaft und dessen Staatsbürger; und

e. Der Streitwert, ausschließlich der Kosten und Zinsen, übersteigt den Betrag von $ 75.000,00:

f. Das gegenständliche Gericht ist sachlich für die Beklagten zuständig.

2. Die örtliche Zuständigkeit ergibt sich auf Grund des amerikanischen Rechtes (28 USC § 1391), da Starlinger im Nördlichen Bezirk von Illinois ansässig ist.

## Punkt 1 der Klagebegründung – Gefährdungshaftung

Der Kläger, MATTHEW F. ABBOTT, („Kläger") behauptet Folgendes zu Punkt 1 der Begründung seiner Klage gegen STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und FERTIGUNGS GesmbH (nachfolgend gemeinsam als „Starlinger" bezeichnet) und gibt an:

2

1. Zu allen im gegenständlichen Fall relevanten Zeiten betrieb Starlinger das Geschäft der Herstellung, des Verkaufs, des Vertriebs oder des in einer anderen Form in den Handel bringen von Produkten, einschließlich der, aber ohne Beschränkung auf die Gummi-Spritzgiessmaschine Maplan MTF 50/15C PC 4, Seriennummer 111 0211/6, (die „Maplan Spritzgiessmaschine").

2. Vor dem 21. Juli 2006, aber nach dem 21. Juli 1996 wurde von Starlinger eine Maplan Spritzgussmaschine hergestellt, verkauft, vertrieben oder in anderer Form in den Handel gebracht, die letztlich von NISCO zur Verwendung durch deren Arbeitnehmer, einschließlich Matthew, gekauft wurde.

3. Zu allen relevanten Zeiten schuldete Starlinger Matthew und allen anderen in angemessener Weise vorhersehbaren Benützern der Maplan Spritzgiessmaschine die Pflicht, eine Maplan Spritzgiessmaschine zu konstruieren, herzustellen, zu vertreiben, zu verkaufen, zu installieren und in anderer Form in den Handel zu bringen, die weder mangelhaft noch für alle beabsichtigten und vernünftigerweise vorhersehbaren Verwendungen unzumutbar gefährlich ist, sowie die Pflicht, bei der Konstruktion, der Herstellung, dem Vertrieb, der Abänderung, dem Service, dem Verkauf und der Installation der genannten Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden.

4. Am 21. Juli 2006 erlitt Matthew bei der Verwendung der genannten Maplan Spritzgiessmaschine im Zuge der Erfüllung seiner beruflichen Pflichten ernste und permanente Verletzungen, als die Maplan Spritzgiessmaschine die Finger seiner dominierenden Hand erfasste, verbrannte und traumatisch amputierte.

5. Zu dem Zeitpunkt, zu die Maplan Spritzgiessmaschine die Kontrolle von Starlinger verließ, war sie mangelhaft und unzumutbar gefährlich, und sie war nicht für den beabsichtigten Zweck geeignet, und außerdem verletzten die oben genannten juristischen Personen, die über ihre bevollmächtigten Vertreter, Arbeitnehmer und/oder Angestellte handelten, ihre jeweiligen Sorgfaltspflichten und verhielten sich bei der Geschäftsführung, der Reparatur, dem Service, der Wartung, der Aufsicht, der Kontrolle und/oder Beschaffung der Maplan Spritzgiessmaschine und/oder bei der Auswahl einer Maplan Spritzgiessmaschine oder deren Bestandteile fahrlässig, um so von den in angemessener Weise vorhersehbaren Benützern

3

sicher verwendet werden zu können. Starlinger verletzte eine oder mehrere der genannten Pflichten unter anderem auf eine oder mehrere der folgenden Arten:

a. Starlinger konstruierte die Maplan Spritzgussmaschine derart, dass die Hand einer Bedienungsperson von der Maschine erfasst werden konnte;

b. Starlinger produzierte die Maplan Spritzgussmaschine derart, dass die Hand einer Bedienungsperson von der Maschine erfasst werden konnte;

c. Starlinger konstruierte die Maplan Spritzgussmaschine ohne eine Vorrichtung, mit der man die Maschine in dem Falle öffnen konnte, in dem die Hand einer Bedienungsperson von der Maschine erfasst wurde;

d. Starlinger produzierte die Maplan Spritzgussmaschine ohne eine Vorrichtung, mit der man die Maschine in dem Falle öffnen konnte, in dem die Hand einer Bedienungsperson von der Maschine erfasst wurde;

e. Starlinger verabsäumte es, die Maplan Spritzgiessmaschine zu inspizieren und/oder zu testen, ehe sie diese in den Handel brachte, obgleich eine angemessene Inspektion und/oder ein angemessener Test die unzumutbar gefährlichen und/oder mangelhaften Zustände der Maplan Spritzgiessmaschine offen gelegt hätte;

f. Starlinger verabsäumte es, mit der Maplan Spritzgiessmaschine komplette Warnhinweise über die mit der Maschine verbundenen Gefahren zu geben;

g. Starlinger verabsäumte es, umfassende Anweisungen zur ordnungsgemäßen Verwendung der Maplan Spritzgussmaschine zu geben;

h. Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie nicht in Betrieb genommen werden konnte oder dass sich die Gussform nicht schließt, wenn das Bedienungspersonal die Maschine in einer in angemessenen Weise vorhersehbaren Weise ausräumt, repariert, wartet oder in anderer Weise instand hält;

i. Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie sichere und ausreichende Schutzvorrichtungen an den Stellen, an denen ein Einklemmen möglich ist, sowie an den Bedienungsstellen hat, um zu verhindern, dass sich das Bedienungspersonal und andere Benützer der Maschine in vorhersehbarer Weise verletzen, während die Maschine auf eine in angemessener Weise vorhersehbare Art und Weise benützt wird;

j. Starlinger verabsäumte es, Matthew und andere Benützer vor den bekannten oder zu erwartenden Gefahren der Maplan Spritzgiessmaschine zu warnen, die für den normalen Benützer nicht offensichtlich waren und die unter den Bedingungen der vorhersehbaren Verwendung für Matthew und andere die Gefahr einer ernsthaften Verletzung oder des Todes darstellten;

4

k. Starlinger warnte Matthew und die anderen Benützer nicht in ausreichender Weise vor den bekannten oder zu erwartenden Gefahren der Maplan Spritzgiessmaschine, die für den normalen Benützer nicht offensichtlich waren und die unter den Bedingungen der vorhersehbaren Verwendung für Matthew und andere die Gefahr einer ernsthaften Verletzung oder des Todes darstellten;

l. Starlinger verabsäumte es, die bei der Konstruktion, der Herstellung, der Montage, des Verkaufs, der Warnhinweise, der Installation und/oder der Absicherung der Maplan Spritzgiessmaschine anzuwendenden Sicherheitsnormen von ANSI, ISO, ASTM, OSHA und anderen einzuhalten;

m. Starlinger verabsäumte es, die annehmbaren Gepflogenheiten und die annehmbare Praxis des Wirtschaftszweiges bei der Konstruktion, der Herstellung, der Montage, dem Verkauf, den Warnhinweisen, der Installation und/oder der Absicherung der Maplan Spritzgiessmaschine einzuhalten;

n. Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung, der Montage und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie ausreichende und ordnungsgemäße Steuerungen, einschließlich einer Notausschaltung hat, welche leicht zugänglich ist und von allen vorhersehbaren Benützern – unabhängig davon, ob sich diese an oder in der Nähe der Maplan Spritzgiessmaschine befinden – bedient werden kann;

o. Starlinger verabsäumte es, bei der Konstruktion, der Herstellung, dem Verkauf, dem Vertrieb, dem Verkauf, der Installation, der Geschäftsführung, der Aufsicht, der Reparatur, dem Service oder bei der Beschaffung der Maplan Spritzgiessmaschine so zu handeln, wie dies eine in angemessener Weise sorgfältig handelnde Person unter den selben oder ähnlichen Umständen getan hätte;

p. Starlinger verabsäumte es, die Maplan Spritzgiessmaschine zurückzurufen oder wiederzuerlangen, nachdem sie tatsächlich wusste, dass sie unzumutbar gefährlich und/oder mangelhaft war; und/oder

q. Starlinger verabsäumte es, die gleiche Sorgfalt und Vorsicht anzuwenden, die eine in angemessener Weise sorgfältig handelnde Person unter denselben oder weitgehend ähnlichen Umständen angewandt hätte.

6. Als direkte und unmittelbare Folge der unzumutbar gefährlichen und/oder mangelhaften Maplan Spritzgiessmaschine von Starlinger wurde Matthews dominierende Hand von der Maschine erfasst, als er sie am 21. Juli 2006 bei NISCO bediente, und seine Hand erlitt Verbrennungen und konnte mehrere Minuten lang nicht aus der Maschinen befreit werden, bis andere Personen die hydraulischen Leitungen der Maschine durchschnitten hatten, da es keine Vorrichtung gab, mit der man die Maschine öffnen konnte, falls die Hand einer Bedienungsperson von dieser erfasst würde.

7. Als unmittelbare Folge der Fahrlässigkeit der Beklagten erlitt Matthew schwere physische Verletzungen; es entstanden ihm Kosten für Krankentransport, Spital, Diagnose,

5

Pharmazeutika, Therapie und Chirurgie, sowie andere medizinische Kosten; es können ihm solche Ausgaben in der Zukunft erwachsen; er erlitt – und wird möglicherweise erleiden – physische Schmerzen, seelisches Leiden, Angst, Furcht, Zeitverlust, eine Beeinträchtigung seiner Erwerbsfähigkeit und eine permanente Behinderung, Verstümmelung; Verlust des Lebensgenusses; und er erlitt andere Verletzungen und Schäden persönlicher und finanzieller Art.

AUS DIESEM GRUND ersucht der Kläger, MATTHEW F. ABBOTT, höflichst, dass ein Urteil zu seinen Gunsten und gegen den Beklagten, STARLINGER NORTH AMERICA, INC., sowie STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, jeweils einzeln, ergehen möge, mit dem kompensatorischer Schadenersatz in dem im gegenständlichen Verfahren festzusetzenden Betrag, für die Kosten der gegenständlichen Klage und für jeden und alle weiteren Rechtsbehelfe, die dem Gericht unter den Umständen als angemessen erscheinen, gewährt wird.

### Punkt II der Klagebegründung – Fahrlässigkeit

Der Kläger, MATTHEW F. ABBOTT („Kläger") behauptet Folgendes zu Punkt II der Begründung seiner Klage gegen STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (nachfolgend als „Starlinger" bezeichnet) und gibt an:

1. Zu allen im gegenständlichen Fall relevanten Zeiten betrieb Starlinger das Geschäft der Herstellung, des Verkaufs, des Vertriebs oder des in einer anderen Form in den Handel bringen von Produkten, einschließlich der, aber ohne Beschränkung auf die Gummi-Spritzgiessmaschine Maplan MTF 50/15C PC 4, Seriennummer 111 0211/6, (die „Maplan Spritzgiessmaschine").

2. Vor dem 21. Juli 2006, aber nach dem 21. Juli 1996 wurde von Starlinger eine Maplan Spritzgussmaschine hergestellt, verkauft, vertrieben oder in anderer Form in den Handel gebracht, die letztlich von NISCO zur Verwendung durch deren Arbeitnehmer, einschließlich Matthew, gekauft wurde.

6

3. Am und vor dem 21. Juli 2006 schuldete Starlinger Matthew und anderen die Pflicht, bei der Konstruktion, der Herstellung, dem Verkauf, dem Vertrieb oder dem in einer anderen Form in den Handel bringen der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden.

4. Am und vor dem 21. Juli 2006 verletzte Starlinger die oben genannte Pflicht und verhielt sich unter anderem in einer oder mehrerer Hinsicht wie folgt fahrlässig:

    a.   Starlinger konstruierte die Maplan Spritzgussmaschine derart, dass die Hand einer Bedienungsperson von der Maschine erfasst werden konnte;

    b.   Starlinger produzierte die Maplan Spritzgussmaschine derart, dass die Hand einer Bedienungsperson von der Maschine erfasst werden konnte;

    c.   Starlinger konstruierte die Maplan Spritzgussmaschine ohne einer Vorrichtung, mit der man die Maschine in dem Falle öffnen konnte, in dem die Hand einer Bedienungsperson von der Maschine erfasst wurde;

    d.   Starlinger produzierte die Maplan Spritzgussmaschine ohne eine Vorrichtung, mit der man die Maschine in dem Falle öffnen konnte, in dem die Hand einer Bedienungsperson von der Maschine erfasst wurde;

    e.   Starlinger verabsäumte es, die Maplan Spritzgiessmaschine zu inspizieren und/oder zu testen, ehe sie diese in den Handel brachte, obgleich eine angemessene Inspektion und/oder ein angemessener Test die unzumutbar gefährlichen und/oder mangelhaften Zustände der Maplan Spritzgiessmaschine offen gelegt hätte;

    f.   Starlinger verabsäumte es, mit der Maplan Spritzgiessmaschine komplette Warnhinweise über die mit der Maschine verbundenen Gefahren zu geben;

    g.   Starlinger verabsäumte es, umfassende Anweisungen zur ordnungsgemäßen Verwendung der Maplan Spritzgussmaschine zu geben;

    h.   Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie nicht in Betrieb genommen werden konnte oder dass sich die Presse nicht schließt, wenn das Bedienungspersonal in der Maschine Reparaturen, Serviceleistungen oder andere Wartungen der Maschine in einer in angemessenen Weise vorhersehbaren Art durchführt;

    i.   Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie sichere und ausreichende Schutzvorrichtungen an den Stellen, an denen ein Einklemmen möglich ist, sowie an den Bedienungsstellen hat, um zu verhindern, dass sich das Bedienungspersonal und andere Benützer der Maschine in

7

vorhersehbarer Weise verletzen, während die Maschine auf eine in angemessener Weise vorhersehbare Art und Weise benützt wird;

j.  Starlinger verabsäumte es, Matthew und andere Benützer vor den bekannten oder zu erwartenden Gefahren der Maplan Spritzgiessmaschine zu warnen, die für den normalen Benützer nicht offensichtlich waren und die unter den Bedingungen der vorhersehbaren Verwendung für Matthew und andere die Gefahr einer ernsthaften Verletzung oder des Todes darstellten;

k.  Starlinger warnte Matthew und die anderen Benützer nicht in ausreichender Weise vor den bekannten oder zu erwartenden Gefahren der Maplan Spritzgiessmaschine, die für den normalen Benützer nicht offensichtlich waren und die unter den Bedingungen der vorhersehbaren Verwendung für Matthew und andere die Gefahr einer ernsthaften Verletzung oder des Todes darstellten;

l.  Starlinger verabsäumte es, die bei der Konstruktion, der Herstellung, der Montage, des Verkaufs, der Warnhinweise, der Installation und/oder der Absicherung der Maplan Spritzgiessmaschine anzuwendenden Sicherheitsnormen von ANSI, ISO, ASTM, OSHA und anderen einzuhalten;

m.  Starlinger verabsäumte es, die annehmbaren Gepflogenheiten und die annehmbare Praxis des Wirtschaftszweiges bei der Konstruktion, der Herstellung, der Montage, dem Verkauf, den Warnhinweisen, der Installation und/oder der Absicherung der Maplan Spritzgiessmaschine einzuhalten;

n.  Starlinger verabsäumte es, bei der Konstruktion, der Erzeugung, der Montage und der Installation der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden, um so sicherzustellen, dass sie ausreichende und ordnungsgemäße Steuerungen, einschließlich einer Notausschaltung hat, welche leicht zugänglich ist und von allen vorhersehbaren Benützern – unabhängig davon, ob sich diese an oder in der Nähe der Maplan Spritzgiessmaschine befinden – bedient werden kann;

o.  Starlinger verabsäumte es, eine geeignete Maplan Spritzgiessmaschine und/oder deren Bestandteile zu beschaffen/zu vertreiben, obgleich Starlinger die Verwendungen kannte, oder in Ausübung von angemessener Sorgfalt hätte kennen müssen, für welche die Maplan Spritzgiessmaschine eingesetzt würde und unter welchen Bedingungen sie verwendet würde;

p.  Starlinger verabsäumte es, die Maplan Spritzgiessmaschine und ihre Bestandteile ordnungsgemäß zu warten, obgleich eine angemessene Wartung unzumutbar gefährliche Mängel und/oder Zustände der Reparaturbedürftigkeit vermieden hätte;

q.  Starlinger verabsäumte es, die Maplan Spritzgiessmaschine und ihre Bestandteile ordentlich zu inspizieren, obgleich eine angemessene Inspektion unzumutbar gefährliche Mängel und/oder Zustände der Reparaturbedürftigkeit aufgezeigt hätte;

r.  Starlinger verabsäumte es, die Maplan Spritzgiessmaschine und ihre Bestandteile ordnungsgemäß zu reparieren, obgleich angemessene Reparaturen unzumutbar gefährliche Mängel und/oder Zustände der Reparaturbedürftigkeit behoben hätten;

s. Starlinger verabsäumte es, die Benützer der Maplan Spritzgiessmaschine und ihrer Bestandteile vor und nachdem Starlinger diese ihnen zur Verfügung gestellt hatte ausreichend über deren Verwendung zu instruieren und dafür zu schulen;

t. Starlinger verabsäumte es, bei der Konstruktion, der Herstellung, dem Verkauf, der Lieferung, dem Vertrieb, dem Verkauf, der Installation, der Reparatur, dem Service oder bei der Beschaffung der Maplan Spritzgiessmaschine so zu handeln, wie dies eine in angemessener Weise sorgfältig handelnde Person unter den selben oder ähnlichen Umständen getan hätte;

u. Starlinger verabsäumte es, die Maplan Spritzgiessmaschine zurückzurufen oder wiederzuerlangen, nachdem sie tatsächlich wusste, dass sie unzumutbar gefährlich und/oder mangelhaft war; und/oder

v. Starlinger verabsäumte es, die gleiche Sorgfalt und Vorsicht anzuwenden, die eine in angemessener Weise sorgfältig handelnde Person unter denselben oder weitgehend ähnlichen Umständen angewandt hätte.

5. Als Folge der Fahrlässigkeit von Starlinger wurde Matthews Hand von der Maplan Spritzgiessmaschine erfasst, als er sie am 21. Juli 2006 bei NISCO bediente, und seine Hand erlitt Verbrennungen und konnte mehrere Minuten lang nicht aus der Maschinen befreit werden, bis andere Personen die hydraulischen Leitungen der Maschine durchschnitten hatten, da es keine Vorrichtung gab, mit der man die Maschine öffnen konnte, falls die Hand einer Bedienungsperson von dieser erfasst würde.

6. Als unmittelbare Folge der Fahrlässigkeit der Beklagten erlitt Matthew schwere physische Verletzungen; es entstanden ihm Kosten für Krankentransport, Spital, Diagnose, Pharmazeutika, Therapie und Chirurgie, sowie andere medizinische Kosten; es können ihm solche Ausgaben in der Zukunft erwachsen; er erlitt – und wird möglicherweise erleiden – physische Schmerzen, seelisches Leiden, Angst, Furcht, Zeitverlust, eine Beeinträchtigung seiner Erwerbsfähigkeit und eine permanente Behinderung, Verstümmelung; Verlust des Lebensgenusses; und er erlitt andere Verletzungen und Schäden persönlicher und finanzieller Art.

AUS DIESEM GRUND ersucht der Kläger, MATTHEW F. ABBOTT, höflichst, dass ein Urteil zu seinen Gunsten und gegen die Beklagten, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, und jeweils einzeln, ergehen möge, mit dem kompensatorischer Schadenersatz in dem im gegenständlichen Verfahren festzusetzenden Betrag, für die Kosten der gegenständlichen Klage und für jeden

9

und alle weiteren Rechtsbehelfe, die dem Gericht unter den Umständen als angemessen erscheinen, gewährt wird.

### Punkt III der Klagebegründung – Widerlegbare Vermutung bezüglich des fahrlässigen Handels der Beklagten („res ipsa loquitur")

Der Kläger, MATTHEW F. ABBOTT („Kläger") behauptet Folgendes zu Punkt III der Begründung seiner Klage gegen STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN  MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (nachfolgend als „Starlinger" bezeichnet) und gibt an:

1. Zu allen im gegenständlichen Fall relevanten Zeiten betrieb Starlinger das Geschäft der Herstellung, des Verkaufs, des Vertriebs oder des in einer anderen Form in den Handel bringen von Produkten, einschließlich der, aber ohne Beschränkung auf die Gummi-Spritzgiessmaschine Maplan MTF 50/15C PC 4, Seriennummer 111 0211/6, (die „Maplan Spritzgiessmaschine").

2. Vor dem 21. Juli 2006, aber nach dem 21. Juli 1996 wurde von Starlinger eine Maplan Spritzgussmaschine hergestellt, verkauft, vertrieben oder in anderer Form in den Handel gebracht, die letztlich von NISCO zur Verwendung durch deren Arbeitnehmer, einschließlich Matthew, in South Bend, Indiana, gekauft wurde.

3. Am und vor dem 21. Juli 2006 schuldete Starlinger Matthew und anderen die Pflicht, bei der Konstruktion, der Herstellung, dem Verkauf, dem Vertrieb oder dem in einer anderen Form in den Handel bringen der Maplan Spritzgiessmaschine angemessene Sorgfalt anzuwenden.

4. Die Maplan Spritzgiessmaschine wurde unter der exklusiven Kontrolle von Starlinger konstruiert, hergestellt, verkauft, vertrieben oder in anderer Form in den Handel gebracht.

5. Matthews Hand wurde von der Maplan Spritzgiessmaschine erfasst, als er sie am 21. Juli 2006 bei NISCO bediente, und seine Hand konnte mehrere Minuten lang nicht aus der Maschinen befreit werden, bis andere die hydraulischen Leitungen der Maschine

10

durchschnitten hatten, da es keine Vorrichtung gab, mit der man die Maschine öffnen konnte, falls die Hand einer Bedienungsperson von dieser erfasst würde.

6. Der Vorfall im Zusammenhang mit Matthew ist ein Ereignis, dass nicht eingetreten wäre, wenn es nicht die Fahrlässigkeit von Seiten Starlingers bei der Konstruktion, der Herstellung, dem Verkauf, dem Vertrieb oder dem in anderer Form in den Handel bringen der Maplan Spritzgiessmaschine gegeben hätte, und es zeigt die Fahrlässigkeit von Seiten Starlingers.

7. Als unmittelbare Folge der Fahrlässigkeit der Beklagten erlitt Matthew schwere physische Verletzungen; es entstanden ihm Kosten für Krankentransport, Spital, Diagnose, Pharmazeutika, Therapie und Chirurgie, sowie andere medizinische Kosten; es können ihm solche Ausgaben in der Zukunft erwachsen; er erlitt – und wird möglicherweise erleiden – physische Schmerzen, seelisches Leiden, Angst, Furcht, Zeitverlust, eine Beeinträchtigung seiner Erwerbsfähigkeit und eine permanente Behinderung, Verstümmelung; Verlust des Lebensgenusses; und er erlitt andere Verletzungen und Schäden persönlicher und finanzieller Art.

AUS DIESEM GRUND ersucht der Kläger, MATTHEW F. ABBOTT, höflichst, dass ein Urteil zu seinen Gunsten und gegen die Beklagten, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, und jeweils einzeln, ergehen möge, mit dem kompensatorischer Schadenersatz in dem im gegenständlichen Verfahren festzusetzenden Betrag, für die Kosten der gegenständlichen Klage und für jeden und alle weiteren Rechtsbehelfe, die dem Gericht unter den Umständen als angemessen erscheinen, gewährt wird.

### Punkt IV der Klagebegründung – Verletzung der Zusicherung

Der Kläger, MATTHEW F. ABBOTT („Kläger") behauptet Folgendes zu Punkt IV der Begründung seiner Klage gegen STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH (nachfolgend als „Starlinger" bezeichnet) und gibt an:

11

1. Zu allen im gegenständlichen Fall relevanten Zeiten betrieb Starlinger das Geschäft der Herstellung, des Verkaufs, des Vertriebs oder des in einer anderen Form in den Handel bringen von Produkten, einschließlich der, aber ohne Beschränkung auf die Gummi-Spritzgiessmaschine Maplan MTF 50/15C PC 4, Seriennummer 111 0211/6, (die „Maplan Spritzgiessmaschine").

2. Vor dem 21. Juli 2006 wurde von Starlinger eine Maplan Spritzgussmaschine hergestellt, verkauft, vertrieben oder in anderer Form in den Handel gebracht, die letztlich von NISCO zur Verwendung durch deren Arbeitnehmer, einschließlich Matthew, in South Bend, Indiana, gekauft wurde.

3. Zu allen hier relevanten Zeit betrieb Starlinger das Geschäft der Herstellung, des Verkaufs, des Vertriebs oder des in anderer Form in den Handel bringen von Produkten, einschließlich der, aber ohne Beschränkung auf die Maplan MTF 50/15C PC 4 Plus, Seriennummer 111 0211/6, Gummi-Spritzgiessmaschine („Maplan Spritzgiessmaschine").

4. Am oder um und während und zwischen dem 21. Juli 1996 und dem 21. Juli 2006 stellten die Beklagten Starlinger eine Maplan Spritzgiessmaschine her, die sie öffentlich bewarben und vertrieben, und während dieses Zeitraums erwarb und verwendete NISCO die Maplan Spritzgiessmaschine.

5. Starlinger wusste, dass Personen der Öffentlichkeit die Maplan Spritzgiessmaschine für die Zwecke des Spritzgießens kauften, und Starlinger wusste, dass sich die Käufer auf die implizite Zusicherung der Beklagten, dass die Maplan Spritzgiessmaschine für den beabsichtigten Zweck sicher sei, verlassen würden.

6. Starlinger schuldete die Pflicht, angemessene Sorgfalt bei der Konstruktion, der Herstellung, dem Verkauf, dem Vertrieb oder dem in anderer Form in den Handel bringen der Maplan Spritzgiessmaschine anzuwenden und sicherzustellen, das sie für den beabsichtigten Zweck sicher war.

7. Matthew und sein Arbeitgeber verließen sich auf die Fähigkeit und das Urteil, sowie auf die implizite Zusicherung von Starlinger bezüglich der Eignung für den beabsichtigten Zweck als Spritzgiessmaschine; dies war der Zweck, zu dem die Beklagten die Maplan

12

Spritzgiessmaschine an die Öffentlichkeit, sowie an Matthew und seinen Arbeitgeber verkauften und vertrieben. Starlinger lieferte nicht geeignete Anweisungen oder Warnhinweise bezüglich der gefährlichen Konsequenzen der Verwendung der Maplan Spritzgiessmaschine.

8. Am oder um den 21. Juli 2006 erlitt Matthew permanente und verstümmelnde Verletzungen auf Grund der Verwendung der Maplan Spritzgiessmaschine. Die von der Maplan Spritzgiessmaschine verursachte Verstümmelungen und Behinderungen bestehen bis zum heutigen Zeitpunkt fort.

9. Starlinger verletzte ihre Zusicherung bezüglich der Eignung für einen bestimmten Zweck, als Matthew durch die Verwendung der Maplan Spritzgiessmaschine permanente Verletzungen und Verstümmelungen erlitt.

10. Unmittelbar nach Matthews Verletzung wurde den Beklagten angemessen Mitteilung von den schädlichen Wirkungen des Produktes und von der Verletzung der Zusicherung der Beklagten Mitteilung gemacht.

11. Die Maplan Spritzgiessmaschine war nicht sicher und war nicht angemessen für die beabsichtigte Verwendung geeignet. Als unmittelbare Folge der Verwendung der Maschine für ihren in angemessener Weise vorhersehbaren und beabsichtigten Zweck erlitt Matthew schwere Körperverletzungen; es entstanden ihm Kosten für Krankentransport, Spital, Diagnose, Pharmazeutika, Therapie, Chirurgie und andere medizinische Kosten; es können ihm solche Ausgaben in der Zukunft erwachsen; er erlitt – und wird möglicherweise erleiden – physische Schmerzen, seelisches Leiden, Angst, Furcht, Zeitverlust, eine Beeinträchtigung seiner Erwerbsfähigkeit und eine permanente Behinderung, Verstümmelung; Verlust des Lebensgenusses; und er erlitt andere Verletzungen und Schäden persönlicher und finanzieller Art.

12. Als direktes Ergebnis der Verletzung der impliziten Zusicherung des Beklagten bezüglich der Eignung für einen bestimmten Zweck und der Zusicherung der marktgängigen Qualität wurde der Kläger in der Höhe eines Mindestbetrages von fünfundzwanzig Millionen Dollar geschädigt.

13

AUS DIESEM GRUND ersucht der Kläger, MATTHEW F. ABBOTT, höflichst, dass ein Urteil zu seinen Gunsten und gegen die Beklagten, STARLINGER NORTH AMERICA, INC., STARLINGER & COMPANY GesmbH und MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS GesmbH, und jeden einzelnen, ergehen möge, mit dem ihm kompensatorischer Schadenersatz in dem im gegenständlichen Verfahren festzusetzenden Betrag, für die Kosten der gegenständlichen Klage und für jeden und alle weiteren Rechtsbehelfe, die dem Gericht unter den Umständen als angemessen erscheinen, gewährt wird.

Hochachtungsvoll

**KENNETH J. ALLEN & ASSOCIATES, P. C.**
Anwälte des Klägers

unterfertigt von Bryan L. Bradley
------------------
Bryan L. Bradley

14

## ANTRAG AUF VERHANDLUNG MIT GESCHWORENEN

Der Kläger beantragt, dass alle Punkte der gegenständlichen Klage in einer Verhandlung mit Geschworenen abgehandelt werden.

**KENNETH J. ALLEN & ASSOCIATES, P. C.**
Anwälte des Klägers

unterfertigt von Bryan L. Bradley
------------------
Bryan L. Bradley

- - - - - - - - -

Wien, am 22. Februar 2008

Die genaue Übereinstimmung der vorstehenden Übersetzung mit der angehefteten Abschrift bestätige ich unter Berufung auf meinen Eid.

Dipl. Dolm. Silvia Stöcklöcker

15