IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) NO: 08 C 642 |
| | ) |
| STARLINGER NORTH AMERICA, INC., | ) |
| an Illinois Corporation, | ) |
| MAPLAN MASCHINEN und TECHNISCHE | ) |
| ANLAGEN PLANUNGS und FERTIGUNGS | ) |
| Gesellschaft m.b.H, an Austrian company, and | ) |
| STARLINGER & COMPANY Gesellschaft | ) |
| m.b.H, an Austrian company, | ) |
| | ) |
| Defendants. | ) |

### STARLINGER NORTH AMERICA INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, STARLINGER NORTH AMERICA INC., ("Starlinger N.A.") an Illinois Corporation, by and through its attorneys, PEREGRINE, STIME, NEWMAN, RITZMAN & BRUCKNER, LTD., and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law states as follows:

### Jurisdiction and Venue

1. Defendant lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph one and, therefore, neither admits nor denies the same, but demands strict proof thereof.

    a. Defendant admits the allegations of paragraph a.

    b. Defendant denies the allegations of paragraph b.

    c-f. Defendant lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraphs c - f and, therefore, neither admits nor denies the same, but demands strict proof thereof.

2. Defendant lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph two and, therefore, neither admits nor denies the same, but demands strict proof thereof. Answering further, Defendant, Starlinger North America, Inc., is located in Hanover Park, Illinois while Defendant, Starlinger & Company is domiciled in Austria.

### Count I - Strict Products Liability

1. Defendant, Starlinger North America, Inc., admits that it was in the business of distributing Maplan products including the Maplan MTF 100/15C, Serial No. 20401763 Rubber Injection Moulding Machine, ("Maplan Moulding Machine") but denies the remaining allegations of paragraph one.

2. Defendant, Starlinger North America, Inc., admits that it sold to NISCO the Maplan Moulding Machine, but denies the remaining allegations of paragraph two.

3. Defendant, Starlinger North America, Inc., admits only those duties imposed upon it as a distributor of products under the laws of the State of Illinois but denies that Plaintiff has accurately stated those duties and denies any breach of duty.

4. Defendant, Starlinger North America, Inc., lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph four and, therefore, neither admits nor denies the same, but demands strict proof thereof.

5. Defendant, Starlinger North America, Inc., denies each and every allegation of paragraph five, that pertains to it as a distributor of the Maplan Moulding Machine including sub-paragraphs (a)-(q).

6. Defendant, Starlinger North America, Inc., lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph six and, therefore, neither admits nor denies the same, but demands strict proof thereof.

7. Defendant denies the allegations of paragraph seven.

WHEREFORE, the Defendant STARLINGER NORTH AMERICA INC., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money

whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger North America, Inc., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count II - Negligence

1. Defendant, Starlinger North America, Inc., admits that it was the distributer of the Maplan MTF 100/15C, Serial No. 20401763 Rubber Injection Moulding Machine, ("Maplan Moulding Machine") but denies the remaining allegations of paragraph one.

2. Defendant, Starlinger North America, Inc., admits that it sold to NISCO the Maplan Moulding Machine, but denies the remaining allegations of paragraph two.

3. Defendant, Starlinger North America, Inc., denies the allegations of paragraph three.

4. Defendant, Starlinger North America, Inc., denies each and every allegation of paragraph four, including subparagraphs (a) through (v).

5. Defendant, Starlinger North America, Inc., denies the allegations of paragraph five.

6. Defendant, Starlinger North America, Inc., denies the allegations of paragraph six.

WHEREFORE, the Defendant STARLINGER NORTH AMERICA INC., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger North America, Inc., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count III - *Res Ipsa Loquitur*

1. Defendant, Starlinger North America, Inc., admits that it was the distributer of the Maplan MTF 100/15C, Serial No. 20401763 Rubber Injection Moulding Machine, ("Maplan Moulding Machine") but denies the remaining allegations of paragraph one.

2. Defendant, Starlinger North America, Inc., admits that it sold to NISCO the Maplan Moulding Machine, but denies the remaining allegations of paragraph two.

3. Defendant, Starlinger North America, Inc., denies the allegations of paragraph three.

4. Defendant, Starlinger North America, Inc., denies the allegations of paragraph four.

5. Defendant, Starlinger North America, Inc., lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph five and, therefore, neither admits nor denies the same, but demands strict proof thereof.

6. Defendant, Starlinger North America, Inc., denies the allegations of paragraph six.

7. Defendant, Starlinger North America, Inc., denies the allegations of paragraph seven.

WHEREFORE, the Defendant STARLINGER NORTH AMERICA INC., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger North America, Inc., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count IV - Breach of Warranty

1. Defendant, Starlinger North America, Inc., admits that it was the distributer of the Maplan MTF 100/15C, Serial No. 20401763 Rubber Injection Moulding Machine, ("Maplan Moulding Machine") but denies the remaining allegations of paragraph one.

2. Defendant, Starlinger North America, Inc., admits that it sold to NISCO the Maplan Moulding Machine, but denies the remaining allegations of paragraph two.

3. Defendant, Starlinger North America, Inc., admits that it was the distributer of the Maplan Moulding Machine, but denies the remaining allegations of paragraph three.

4. Defendant, Starlinger North America, Inc., admits that on or about and during and between July 21, 1996 and July 21, 2006, it distributed to various manufacturers the Maplan Moulding Machine, and specifically sold the Maplan Moulding Machine to NISCO, but denies the remaining allegations of paragraph four and specifically denies the machines are available to the public.

5.  Defendant, Starlinger North America, Inc., denies that members of the public were purchasing the Maplan Moulding Machine, and denies the remaining legal conclusions of paragraph five.

6.  Defendant, Starlinger North America, Inc., denies that Plaintiff has accurately stated the duty owed by Defendant and denies the remaining allegations of paragraph six.

7.  Defendant, Starlinger North America, Inc., denies the allegations of paragraph seven.

8.  Defendant, Starlinger North America, Inc., lacks sufficient knowledge as to the allegations of paragraph eight and therefore neither admits nor denies the same but demand strict proof thereof.

9.  Defendant, Starlinger North America, Inc., denies the allegations of paragraph nine.

10. Defendant, Starlinger North America, Inc., denies the allegations of paragraph ten.

11. Defendant, Starlinger North America, Inc., denies the allegations of paragraph eleven.

12. Defendant, Starlinger North America, Inc., denies the allegations of paragraph twelve.

WHEREFORE, the Defendant STARLINGER NORTH AMERICA INC., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger North America, Inc., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

Defendant, STARLINGER NORTH AMERICA, INC., demands trial by jury on all counts.

## FIRST AFFIRMATIVE DEFENSE

## COMPARATIVE NEGLIGENCE

Defendant, STARLINGER NORTH AMERICA INC., alleges that immediately before and at the time of the occurrence alleged, plaintiff, MATTHEW F. ABBOTT, negligently failed to use and exercise the degree of care and caution that a reasonably prudent person under the same or similar circumstances would have exercised, in that plaintiff placed his hand under or around the safety cage and directly into the Maplan Moulding Machine; and that this negligent conduct proximately caused or contributed to the occurrence and alleged injuries and damages and either bars his recovery or reduces his recovery in direct proportion to the degree of fault attributable to him.

## SECOND AFFIRMATIVE DEFENSE

## SOLE PROXIMATE CAUSE

Defendant, STARLINGER NORTH AMERICA INC., alleges that immediately before and at the time of the occurrence alleged, the sole proximate cause of Plaintiff's injury was the conduct of some person other than the defendant, STARLINGER NORTH AMERICA INC.

## THIRD AFFIRMATIVE DEFENSE

## OPEN AND OBVIOUS

Defendant, STARLINGER NORTH AMERICA INC., alleges that the danger of putting one's hand under or around the safety case and otherwise into the machine is open and obvious and this conduct either bars Plaintiff's recovery or reduces his recovery in direct proportion to the fault attributable to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

## MODIFICATION/ALTERATION

Defendant, STARLINGER NORTH AMERICA INC., alleges that Plaintiff's employer directly or through its agents or employees, modified the safety cage after it was installed by Defendant, Starlinger North America, Inc., thereby severely compromising and/or eliminating the guarding which caused or contributed to Plaintiff's injury.

RESPECTFULLY SUBMITTED,

PEREGRINE, STIME, NEWMAN
RITZMAN & BRUCKNER, LTD.

By: *David W. Clark*

David W. Clark
Elizabeth P. Schaffer
PEREGRINE, STIME, NEWMAN,
RITZMAN & BRUCKNER, LTD.
221 East Illinois Street
P. O. Box 564
Wheaton, Illinois 60187-0564
(630) 665-1900
M:\STARLINGER advs. Abbott\Answer&AD.doc