IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW F. ABBOTT, | ) |
|                      Plaintiff, | ) |
| -vs- | ) NO: 08 C 642 |
| STARLINGER NORTH AMERICA, INC., an Illinois Corporation, MAPLAN MASCHINEN und TECHNISCHE ANLAGEN PLANUNGS und FERTIGUNGS Gesellschaft m.b.H, an Austrian company, and STARLINGER & COMPANY Gesellschaft m.b.H, an Austrian company, | ) |
|                      Defendants. | ) |

**STARLINGER & COMPANY Gesellschaft m.b.H's**
**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., ("Starlinger & Company") an Austrian company, by and through its attorneys, PEREGRINE, STIME, NEWMAN, RITZMAN & BRUCKNER, LTD., and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law states as follows:

### Jurisdiction and Venue

1. Defendant denies the allegations of paragraph one.

   a. Defendant admits that Starlinger North America was the distributor of Maplan products and denies the remaining allegations of paragraph (a).

   b. Defendant denies the allegations of paragraph (b).

   c. Defendant denies the allegations of paragraph (c).

   d. Defendant lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph (d) and, therefore, neither admits nor denies the same, but demands strict proof thereof.

    e.    Defendant lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph (e) and, therefore, neither admits nor denies the same, but demands strict proof thereof.

    f.    Defendant denies the allegation of jurisdiction as to it, Starlinger & Company.

2.    Defendant denies the allegations of paragraph two as it is domiciled in Austria.

## Count I - Strict Products Liability

1.    Defendant, Starlinger & Company denies the allegations of paragraph one.

2.    Defendant, Starlinger & Company denies the allegations of paragraph two.

3.    Defendant, Starlinger & Company denies the allegations of paragraph three.

4.    Defendant, Starlinger & Company lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph four and, therefore, neither admits nor denies the same, but demands strict proof thereof.

5.    Defendant, Starlinger & Company denies each and every allegation of paragraph five, including sub-paragraphs (a)-(q).

6.    Defendant, Starlinger & Company lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph six and, therefore, neither admits nor denies the injuries but demands strict proof thereof and denies the remaining allegations of paragraph six.

7.    Defendant, Starlinger & Company denies the allegations of paragraph seven.

WHEREFORE, the Defendant STARLINGER & COMPANY Gesellschaft m.b.H., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger & Company prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count II - Negligence

1. Defendant, Starlinger & Company denies the allegations of paragraph one.

2. Defendant, Starlinger & Company denies the allegations of paragraph two.

3. Defendant, Starlinger & Company denies the allegations of paragraph three.

4. Defendant, Starlinger & Company denies each and every allegation of paragraph four, including subparagraphs (a) through (v).

5. Defendant, Starlinger & Company denies the allegations of negligence in paragraph five and demands strict proof of the remaining allegations.

6. Defendant, Starlinger North America, Inc., denies the allegations of paragraph six.

WHEREFORE, the Defendant STARLINGER & COMPANY Gesellschaft m.b.H., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, Starlinger, Inc., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count III - *Res Ipsa Loquitur*

1. Defendant, Starlinger & Company denies the allegations of paragraph one.

2. Defendant, Starlinger & Company denies the allegations of paragraph two.

3. Defendant, Starlinger & Company denies the allegations of paragraph three.

4. Defendant, Starlinger & Company denies the allegations of paragraph four.

5. Defendant, Starlinger & Company lacks sufficient knowledge with which to form a belief as to the truth or falsity of the allegations of paragraph five and, therefore, neither admits nor denies the same, but demands strict proof thereof.

6. Defendant, Starlinger & Company denies the allegations of paragraph six.

7. Defendant, Starlinger & Company denies the allegations of paragraph seven.

WHEREFORE, the Defendant STARLINGER & COMPANY Gesellschaft m.b.H., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

### Count IV - Breach of Warranty

1. Defendant, Starlinger & Company denies the allegations of paragraph one.

2. Defendant, Starlinger & Company denies the allegations of paragraph two.

3. Defendant, Starlinger & Company denies the allegations of paragraph three.

4. Defendant, Starlinger & Company denies the allegations of paragraph four.

5. Defendant, Starlinger & Company denies the allegations of paragraph five.

6. Defendant, Starlinger & Company denies that Plaintiff has accurately stated the duty owed by Defendant and denies the remaining allegations of paragraph six.

7. Defendant, Starlinger & Company denies the allegations of paragraph seven.

8. Defendant, Starlinger & Company lacks sufficient knowledge as to the allegations of paragraph eight and therefore neither admits nor denies the same but demand strict proof thereof.

9. Defendant, Starlinger & Company denies the allegations of paragraph nine.

10. Defendant, Starlinger & Company denies the allegations of paragraph ten.

11. Defendant, Starlinger & Company denies the allegations of paragraph eleven.

12. Defendant, Starlinger & Company denies the allegations of paragraph twelve.

WHEREFORE, the Defendant STARLINGER & COMPANY Gesellschaft m.b.H., denies that the Plaintiff is entitled to the requested relief or a judgment against it in the amount of any sum of money whatsoever, including interest or costs, and attorneys fees. Further, Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., prays for its attorney's fees and costs associated with the defense of the matter and for such other and further relief as this Court deems just and proper.

Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., demands trial by jury on all counts.

## FIRST AFFIRMATIVE DEFENSE
## COMPARATIVE NEGLIGENCE

Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., alleges that immediately before and at the time of the occurrence alleged, plaintiff, MATTHEW F. ABBOTT, negligently failed to use and exercise the degree of care and caution that a reasonably prudent person under the same or similar circumstances would have exercised, in that plaintiff placed his hand under or around the safety cage and directly into the Maplan Moulding Machine; and that this negligent conduct proximately caused or contributed to the occurrence and alleged injuries and damages and either bars his recovery or reduces his recovery in direct proportion to the degree of fault attributable to him.

## SECOND AFFIRMATIVE DEFENSE
## SOLE PROXIMATE CAUSE

Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., alleges that immediately before and at the time of the occurrence alleged, the sole proximate cause of Plaintiff's injury was the conduct of a non-party, Nishakawa Standard Company (NISCO).

## THIRD AFFIRMATIVE DEFENSE
## OPEN AND OBVIOUS

Defendant, STARLINGER & COMPANY Gesellschaft m.b.H., alleges that the danger of putting one's hand under or around the safety case and otherwise into the machine is open and obvious and this conduct either bars Plaintiff's recovery or reduces his recovery in direct proportion to the fault attributable to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

## MODIFICATION/ALTERATION

Defendant, STARLINGER & COMPANY Gesellschaft m.b.H.,., alleges that Plaintiff's employer, NISCO, directly or through its agents or employees, modified the safety cage after it was installed by Defendant, Starlinger North America, Inc., thereby severely compromising and/or eliminating the guarding which caused or contributed to Plaintiff's injury.

RESPECTFULLY SUBMITTED,

PEREGRINE, STIME, NEWMAN
RITZMAN & BRUCKNER, LTD.

By: _____

David W. Clark
Elizabeth P. Schaffer
PEREGRINE, STIME, NEWMAN,
RITZMAN & BRUCKNER, LTD.
221 East Illinois Street
P. O. Box 564
Wheaton, Illinois 60187-0564
(630) 665-1900
M:\STARLINGER advs. Abbott\Answer&AD.Austrian.doc