IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW F. ABBOTT, <br> a resident of Indiana, <br><br> Plaintiff, <br><br> v. <br><br> STARLINGER NORTH AMERICA, INC., <br> an Illinois Corporation, <br> MAPLAN MASCHINEN und TECHNISCHE <br> ANLAGEN PLANUNGS und FERTIGUNGS <br> Gesellschaft m.b.H, an Austrian company, and <br> STARLINGER & COMPANY Gesellschaft <br> m.b.H, an Austrian company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO: 08 C 642 |

**PLAINTIFF'S OBJECTION TO DEFENDANT MAPLAN MASCHINEN UND TECHNISCHE ANLAGEN PLANUNGS UND FERTIGUNGS' MOTION TO AMEND ITS ANSWERS AND AFFIRMATIVE DEFENSES**

Plaintiff, MATTHEW F. ABBOTT ("Plaintiff"), by and through his counsel, KENNETH J. ALLEN & ASSOCIATES, P.C., files his objection to Defendant MAPLAN MASCHINEN UND TECHNISCHE ANLAGEN PLANUNGS UND FERTIGUNGS' ("Maplan") Motion to Amend its Answer and Affirmative Defenses. For his objection, Plaintiff states:

1. On July 21, 2006, while in the performance of his job duties, Plaintiff was using a Maplan MTF 100/15C, Serial No. 20401763, Rubber Injection Moulding Machine ("Maplan Moulding Machine") at the premises of his employer, NISCO, located in

Indiana. While using the machine, Matthew suffered serious and permanent injuries when the Maplan Moulding Machine caught, burned, and traumatically amputated his fingers on his dominant hand. Plaintiff's hand could not be extricated for several minutes until others employees cut the hydraulic lines of the machine as there was no means to open the machine if an operator's hand became caught.

2. Defendants were in the business of manufacturing, selling, distributing, or otherwise placing into the stream of commerce the Maplan Moulding Machine, which was ultimately purchased by NISCO for use by its employees, such as the Plaintiff. The Maplan Moulding Machine was distributed to NISCO from Maplan through Defendant Starlinger North America, Inc., whose principal place of business is located in Illinois.

3. Maplan has moved to amend its answer to assert two new affirmative defenses, including a nonparty defense pursuant to Indiana's Comparative Fault Act. I.C. Sec. 34-6-2-88; 34-51-2-15; 34-51-2-16.

4. The nonparty defense is an unrecognizable defense under Illinois law, as Illinois' scheme for Comparative Fault allows for contribution from the Plaintiff's employer. *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 166 Ill.Dec. 1, 585 N.E.2d 1023 (1991).

5. As of this date, there has been no determination as to which state's law applies to the injury sustained by Matthew Abbott, and accordingly there has been no

determination as to whether a nonparty defense is even viable in this cause. Previously, Defendant Starlinger North America, Inc. attempted to dismiss the claims of the Plaintiff by applying Illinois law to this case (see Defendant Starlinger North America's Motion to Dismiss and Motion for a More Definite Statement).

6. As this is a diversity action, Illinois' conflict of law rule would apply to this case. *Soo Line R. Co. v. Overton*, 992 F.2d 640 (7th Cir.1993); *Coldwell Banker & Co. v. Karlock*, 686 F.2d 596, 600 (7th Cir.1982); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941).

7. The determination of conflicts of law questions is a question of law which is dependant upon the facts of a given case. *Palmer v. Freightliner, LLC*, 889 N.E.2d 1204, 1210 (1st Dist.2008) (noting that in order to properly settle the conflict of law question in this case, all of the facts of the case including those surrounding the allegedly tortious conduct must be examined); *Townsend v. Sears, Roebuck and Co.*, 227 Ill.2d 147, 879 N.E.2d 893 (Ill.2007). A court's consideration of conflicts of law analysis in a tort setting includes all conduct from any source contributing to the injury. *Townsend*, 227 Ill.2d at 169, 316 Ill.Dec. 505, 879 N.E.2d at 906.

8. Plaintiff therefore objection to Maplan's assertion of a non-party defense under Indiana's Comparative Fault Act. I.C. Sec. 34-6-2-88; 34-51-2-15; 34-51-2-16 until a determination is ripe for review as to the application of which state's laws govern

Plaintiff's claims, and discovery between the parties is sufficiently complete so as to make that determination.

WHEREFORE, Plaintiff MATTHEW F. ABBOTT respectfully requests this court to issue an order denying Defendant MAPLAN MASCHINEN UND TECHNISCHE ANLAGEN PLANUNGS UND FERTIGUNGS' Motion to Amended its Answer and Affirmative Defenses, or in the alternative, stay any ruling regarding which state's law applies to the above action until more discovery is completed so the issues can be properly briefed before the Court, and for all other relief which is just and proper.

Respectfully submitted,

**KENNETH J. ALLEN & ASSOCIATES, P.C.**
Attorneys for Plaintiff

s/ Adrian P. Smith
_____
Adrian P. Smith



INJURY ATTORNEYS

Refer to Office Indicated

☒ ALLEN LAW BUILDING         ☐ CHASE BANK CENTER        ☐ CHARTER ONE BANK         ☐ SMURFIT-STONE BUILDING
1109 Glendale Boulevard      8585 Broadway, 8th Floor    17450 South Halsted St.    150 North Michigan Ave.
Valparaiso, IN 46383         Merrillville, IN 46410      Homewood, IL 60430         Chicago, IL 60606

219.465.6292                 219.736.6292                708.799.6292               312.236.6292

## Service List

Matthew Abbott v. Starlinger North America, Inc., et al.
No. 1:08 CV 642

***Attorneys for Defendant Starlinger & Co. And Starlinger North America, Inc.***
David W. Clark
Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd.
221 East Illinois Street
Wheaton, IL 60187

***Attorneys for Defendants Maplan Maschinen and Technische Anlagen Planugs und Fertigungs Gesellschaft m.b.H., an Austrian Company***
Lloyd E. Williams, Jr.
Hanson L. Williams
Williams Montgomery & John, Ltd.
20 North Wacker Drive, Suite 2100
Chicago, IL 60606